**In re James F. BRENNAN, Debtor.**

**Bankruptcy No. 89–10058–WCH.**

United States Bankruptcy Court,
D. Massachusetts,
Eastern Division.

Sept. 8, 1993.

Andrew G. Lizotte, Hanify & King, P.C., Boston, MA, for Chapter 7 trustee.

A. John Pappalardo, U.S. Atty., Gary S. Gross, Sp. Asst. U.S. Atty., Boston, MA, for I.R.S.

## MEMORANDUM DECISION

WILLIAM C. HILLMAN, Bankruptcy Judge.

This case was commenced as a voluntary Chapter 7 on September 2, 1988 in the United States Bankruptcy Court for the Northern District of Illinois. The Illinois Bankruptcy Court established a bar date of January 19, 1989 for the filing of proofs of claim. Thereafter the case was transferred to the District of Massachusetts. By order dated February 3, 1989, this Court affirmed the bar date set by the Illinois Bankruptcy Court.[1]

On April 21, 1989, three months after the confirmed bar date, the Internal Revenue Service ("IRS") filed a proof of claim in the amount of $98,078.22 for unpaid pre-petition priority taxes. On May 21, 1993, the Chapter 7 trustee filed "Trustee's Objections to Proofs of Claim." (the "Objection"). In the Objection, the trustee recommended that the IRS claim should be disallowed on the basis that it was untimely filed. The IRS filed a response wherein it stated that untimeliness in filing the claim should not in itself cause disallowance.

## DISCUSSION

FRBP 3002(c) requires creditors to file proofs of claim against the estate within 90 days after the date set for the meeting of creditors. The Court may extend the period for the United States to file a claim, but only on a motion made "before the expiration of such period." FRBP 3002(c)(1). FRBP 9006(b)(3) provides that the time limits of Rule 3002(c) may be enlarged by the Court "only to the extent and under the conditions stated" in the rule. Thus, the Court has no discretion to grant the IRS a retroactive extension to timely file its claim. *In re Global Precious Metals Inc.*, 143 B.R. 204, 205 (Bankr.N.D.Ill.1992).

However, the fact that IRS's claim is untimely does not resolve the issue of whether the claim is entitled to payment from the estate. Allowance of claims is governed by § 502 of the Code which states:

(a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects.

(b) ... if such objection to a claim is made, the court, after notice and hearing ... shall allow such claim ...

11 U.S.C. § 502. Section 502 then provides eight specific grounds for disallowing claims. Late filing is not one of them. In addition, § 726(a)(3) of the Code makes specific provisions for payment of an "allowed unsecured claim proof of which is tardily filed." Sections 502 and 726 sanction the allowance of untimely claims, and insofar as Rule 3002(c) conflicts with these sections and purports to require disallowance of untimely claims it cannot be enforced. *In re Hausladen*, 146 B.R. 557, n. 5 (Bankr.D.Minn.1992); *U.S. v. Cardinal Marine Supply Inc.*, 916 F.2d 1087, 1089 (6th Cir.1990). "We cannot have a statute that specifically allows payment of tardily filed claims and rules that prohibit their fil-

---

1. When the case was received by the Clerk of this Court on January 9, 1989 it issued a notice of a new § 341 meeting, a new date to object to the Debtor's discharge, and a notice that this was a no asset case and that no proofs of claim need be filed. Due to the conflicting information from the two courts and the likelihood that assets would be available for the estate, the Massachu-

setts Chapter 7 trustee filed a motion requesting that this Court enter an order establishing the various bar dates attendant to this case. The Court entered an order on February 3, 1989, stating: "The date set by the Ill. Court is the correct date and the Clerk's Office in Mass. has no authority to change them ..." A copy of this motion was served on the IRS.

ing." *Id.* Thus, the claim of the IRS is deemed allowed, but untimely.

In this case, the IRS filed a priority claim under § 507 for pre-petition taxes. Having determined that the IRS has an allowed claim, the Court must now determine whether the claim retains its priority status.

Section 726(a) of the Code governs priority of distribution in Chapter 7 cases. Section 726(a)(1) accords first priority distribution to holders of claims specified in § 507, and § 726(a)(3) accords third priority distribution to holders of allowed unsecured claims that are tardily filed. Nothing in § 726(a)(3) limits its application to general non-priority claims. Thus, it can be read to apply to both general and priority claims under § 507. *In re Rago,* 149 B.R. 882, 886 (Bankr.N.D.Ill. 1992); *In re Kragness,* 82 B.R. 553, 556–57 (Bankr.D.Or.1988). The distribution scheme of § 726 contemplates preferential treatment to priority claims that are timely filed. *Id.,* at 556. Therefore, the Court holds that the IRS claim lost its priority status when it was filed late, and the Court relegates the claim to the third level of distribution provided for in § 726(a)(3).