**In re Joseph S. and Betty VANCARDO, Debtors.**

**UNITED STATES of America, Appellant,**

v.

**Joseph S. and Betty VANCARDO, Defendants.**

**No. 4:93CV01101 GFG.**

United States District Court, E.D. Missouri, Eastern Division.

May 25, 1995.

Marc S. Kramer, St. Louis, MO, for Joseph S. Vancardo and Betty Vancardo.

Jay P. Golder, U.S. Dept. of Justice, Trial Atty., Washington, DC, for U.S.

Mary Deborah Benoit, Eisen and Gillespie, Diana S. Daugherty, St. Louis, MO, for John V. Labarge, Jr., Trustee.

James S. Cole, Jr., Asst. U.S. Trustee, U.S. Dept. of Justice, Office of Trustee, Carol Ann Robinson, Clerk, U.S. Bankruptcy Court, St. Louis, MO, for James S. Cole, Trustee.

## MEMORANDUM AND ORDER

GUNN, District Judge.

This matter is before the Court on appeal from an order of the Bankruptcy Court disallowing a proof of claim filed by the Internal Revenue Service (IRS). The relevant facts are not disputed. On July 27, 1988, Joseph S. and Betty Vancardo filed a joint Chapter 7 bankruptcy petition. On August 8, 1988, the

---

544

Bankruptcy Court issued a notice for a meeting of creditors to be held on September 1, 1988. The notice informed creditors not to file claims at that time as the debtors' schedules indicated there were no assets.

The debtors had an IRS tax and penalty liability of approximately $18,500 for the tax period ending June 1988. The IRS, however, although scheduled as a creditor, was not listed on the mailing matrix and accordingly did not receive a copy of the August 8th notice. On September 8, 1988, the IRS, somehow having learned of the bankruptcy petition, picked up a copy of the August 8th notice and opened a case file.

A second notice dated September 20, 1988, was sent to creditors on the matrix. This notice stated that there were assets to be distributed and that claims had to filed by December 19, 1988 (the "bar date"). Again, the IRS was not sent a copy. The record contains a letter dated January 31, 1989, from the Trustee's attorney notifying the IRS of the bankruptcy petition and advising the IRS to file a claim with regard to other taxes assessed against the debtors. The record also contains subsequent contacts with the IRS referring to the debtors' bankruptcy case and to the fact that the IRS had not filed a claim.

In 1992, the IRS officer assigned to collect the taxes assessed against the debtors informed the IRS branch responsible for preparing proofs of claims in bankruptcy cases that he had found that there were assets of approximately $40,000 in the debtors' case and that the IRS had not filed a claim. On June 18, 1992, the IRS filed a proof of claim in the sum of $18,459.98 for the 1988 tax and penalty liability. The Trustee objected to the claim on the ground that it was untimely.

Following a hearing prior to distribution of the assets, the Bankruptcy Court held that once the IRS learned of the bankruptcy petition on September 8, 1988, it was the IRS's obligation to keep informed as to the case. Accordingly, the Bankruptcy Court sustained the Trustee's objection and disallowed the IRS's claim. This appeal followed.

■ The ruling at issue is a conclusion of law and thus reviewed by this Court de novo. *See In re Miller,* 16 F.3d 240, 242–44 (8th Cir.1994). The Court first concludes that the Bankruptcy Court did not err in concluding that the IRS's claim should be treated as an untimely claim. Not only did the IRS have notice of the bankruptcy petition, but the IRS also knew (or should have known) before the second notice was sent that it was not listed on the matrix. Furthermore, as noted above, there were other contacts with the IRS alerting it to its failure to file a claim long before the proof of claim was actually filed.

■ Nevertheless, the Bankruptcy Court erred in disallowing the IRS's claim. Two circuits have recently held that in a Chapter 7 case, untimeliness is not a ground for disallowing a priority claim, such as the IRS's claim, entitled to first distribution under 11 U.S.C. § 726(a)(1). *In re Pacific Atlantic Trading Co.,* 33 F.3d 1064 (9th Cir.1994); *In re Vecchio,* 20 F.3d 555 (2d Cir.1994). As these cases explain, the Bankruptcy Code does not refer to tardiness in its list of disallowed claims at 11 U.S.C. § 502(b). Furthermore, with regard to other types of claims, the Code does distinguish between timely and late ones but not with regard to priority claims.

The Eighth Circuit Court of Appeals has not yet considered this issue. This Court believes the two cases cited above are well reasoned and correctly decided. The Court notes that the Sixth Circuit has taken a contrary view in a Chapter 13 bankruptcy case, holding that timeliness is a prerequisite to allowance of a claim, even a priority claim. *In re Chavis,* 47 F.3d 818 (6th Cir.1995). The Court there, however, specifically distinguished a Chapter 13 case from a Chapter 7 case. *Id.* at 823–24.

Accordingly,

**IT IS HEREBY ORDERED** that the Bankruptcy Court's order disallowing the IRS's proof of claim is reversed, and the case is remanded to the Bankruptcy court for further proceedings consistent with this Memorandum and Order.