**In re LEE DYKAS, INC., Debtor.**

**Civ.A. No. 95–052L.**

United States District Court,
D. Rhode Island.

Nov. 1, 1995.

Everett C. Sammartino, United States Attorney's Office, Providence, RI, for Appellant USA.

Marc Wallick, Wallick & Paolino, Warwick, RI, for Appellee Marc Wallick.

Morris Greenberg, Yesser, Jessup & Green, Providence, RI, for Debtor Lee Dykas, Inc.

## MEMORANDUM AND ORDER

LAGUEUX, Chief Judge.

This matter is before the Court on appeal from an Order issued on December 6, 1994, by Judge Arthur Votolato of the United States Bankruptcy Court for the District of Rhode Island. Jurisdiction is conferred on this Court by 28 U.S.C. § 158(a). Appellant, the Internal Revenue Service ("I.R.S."), seeks review of the Bankruptcy Court's Order sustaining the objection of Marc D. Wallick, trustee in bankruptcy, ("Trustee") to the claim of the I.R.S. For the reasons that follow, the Bankruptcy Court's Order is reversed, and the case is remanded to that Court for further proceedings.

The material facts are undisputed. The debtor filed a petition under Chapter 7 of the Bankruptcy Code on December 31, 1991. The I.R.S. was listed in the petition as a creditor. The Bankruptcy Court established a bar date of April 7, 1993, for filing proofs of claim. Although notice of the bar date was sent to the I.R.S., the I.R.S. did not file proof of a claim until July 6, 1994. At that time, the I.R.S. filed an unsecured priority claim under 11 U.S.C. § 507(a)(7) for an estimated liability of $22,000 for unpaid taxes. The Trustee has not disbursed the funds within the estate to date.

The Trustee filed an objection to the I.R.S. proof of claim which was sustained by the Bankruptcy Court on August 30, 1994. The I.R.S. then moved to vacate the sustaining of the Trustee's objection, and the Bankruptcy Court granted the I.R.S. motion on October 20, 1994. The I.R.S. then objected to the Trustee's objection to the I.R.S. proof of claim on October 27, 1994.

On December 6, 1994, the Bankruptcy Court issued an Order again sustaining the Trustee's objection to the I.R.S. proof of claim. However, the Bankruptcy Court allowed the untimely I.R.S. proof of claim in the amount requested, and subordinated it one tier from a priority claim under 11

U.S.C. § 726(a)(1) to the level of a general unsecured creditor's claim under 11 U.S.C. § 726(a)(2). The Bankruptcy Court adopted the reasoning of *In re Brennan*, 167 B.R. 316 (Bankr.D.Mass.1993), in support of its decision.

The I.R.S. appealed the Bankruptcy Court's Order to this Court pursuant to 28 U.S.C. § 158(a). After giving plenary review to the legal conclusions of the Bankruptcy Court, *see In re LaRoche*, 969 F.2d 1299, 1301 (1st Cir.1992), this Court now reverses and remands the case for further proceedings.

The issue presented is whether a priority claim under § 507 of the Bankruptcy Code must be timely filed in order to receive a first-tier distribution under § 726(a).[1] This is a difficult question of statutory interpretation on which the authorities are divided. Most courts have held that § 726(a) grants first-tier distribution to § 507 priority claims without regard to the timeliness of their filing. *See, e.g., In re Vecchio*, 20 F.3d 555, 560 (2d Cir.1994); *In re Pacific–Atlantic Trading Co.*, 64 F.3d 1292, 1304 (9th Cir.1995); *In re Century Boat Co.*, 986 F.2d 154, 158 (6th Cir.1993). Some courts, however, have held that untimely filed § 507 priority claims lose their first-tier status. *See, e.g., In re Waindel*, 65 F.3d 1307, 1311 (5th Cir.1995); *In re Sea Air Shuttle Corp.*, 168 B.R. 501, 505 (Bankr.D.P.R.1994); *In re Brennan*, 167 B.R. 316, 318 (Bankr.D.Mass.1993).

This Court agrees with *Vecchio*, 20 F.3d at 557–8, that the plain meaning and legislative history of § 726(a) require § 507 priority claims to be given first-tier distribution despite their untimely filing. "Section 726(a)(1) accords priority status to claims specified in § 507 without regard to the timeliness of their filing." *Id.* at 557. Therefore, since there is no dispute that the I.R.S. has an allowed priority claim under § 507, it should receive a first-tier distribution under § 726(a)(1). Consequently, the Bankruptcy Court's decision to grant the I.R.S. a second-tier distribution under § 726(a)(2) is reversed.[2]

In October 1994, Congress amended § 726(a), thereby resolving the issue now before the Court. *See* Pub.L. No. 103–394, § 213, 108 Stat. 4126. Amended § 726(a)(1) grants first-tier distribution to a § 507 claim, "proof of which is timely filed under section 501 of this title or tardily filed before the date on which the trustee commences distribution under this section." *Id.* Although the amended statute mirrors this Court's holding, it is not controlling, for the Bankruptcy Reform Act of 1994 explicitly bars retroactive application to cases filed before its effective date of October 22, 1994. *See* Pub.L. No. 103–394, § 702, 108 Stat. 4150. The debtor here filed its petition on December 31, 1991.

Therefore, this Court finds itself in the same position as the First Circuit in *Young v. Key Bank of Maine*, 66 F.3d 376 (1st Cir. 1995), where the Court was asked to decide an issue that had already been resolved by the Bankruptcy Reform Act of 1994, but was

---

1. Under § 726(a) property of the estate is distributed,
   (1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title;
   (2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is—
   (A) timely filed under section 501(a) of this title,
   (B) timely filed under section 501(b) or 501(c) of this title; or
   (C) tardily filed under section 501(a) of this title, if—
   (i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and
   (ii) proof of such claim is filed in time to permit payment of such claim;
   (3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title, other than a claim of the kind specified in paragraph (2)(C) of this subsection. 11 U.S.C. § 726(a) (1988).

2. A second-tier distribution under § 726(a)(2) is clearly at odds with the language of the statute which expressly excludes "a claim of a kind specified in paragraph (1) ... of this subsection", i.e., a § 507 priority claim. *See Vecchio*, 20 F.3d at 558. Most courts that have subordinated late filed priority claims have granted them a third-tier distribution under § 726(a)(3) which does not exclude § 507 claims. *See, e.g., Brennan*, 167 B.R. at 318.

unable to apply the new statute retroactively. Like the First Circuit, this Court declines "to play the ostrich, struthiously pretending that the neoteric statute is not now in force." *Id.* at 379. Although the amendment to § 726(a)(1) does not control this case, it punctuates this Court's holding and at the same time diminishes its precedential value.

■ Deciding that § 726(a)(1) applies to § 507 claims regardless of the timeliness of their filing, however, does not guarantee a priority claimant first-tier status. This Court only holds that the late filing of a priority claim should not automatically bar it from a first-tier distribution under § 726(a)(1). There is the possibility, however, depending on the facts, that the Bankruptcy Court could equitably subordinate under 11 U.S.C. § 510(c) a priority claim due to its tardiness.[3] *See Vecchio,* 20 F.3d at 560.

For the reasons stated above, the Order of the Bankruptcy Court dated December 6, 1994, is hereby reversed, and the matter is remanded to the Bankruptcy Court for further proceedings to determine if there should be equitable subordination in this case.

It is so ordered.

---

3. In fact, § 726(a) states that its distribution scheme is subject to the Bankruptcy Court's equitable subordination powers under § 510(c). 11 U.S.C. § 726(a) (1988).