## In re Carl WILSON and Sheryl Wilson, Debtors.

### Bankruptcy No. 95–40980–399.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Jan. 11, 1996.

Charles W. Riske, Trustee, Clayton, MO.

T.J. Mullin, Clayton, MO, for debtor.

Robert A. Breidenbach, Special Assistant Attorney General, Missouri Dept. of Revenue, Jefferson City, MO.

Peter Lumaghi, Martha M. Dahm, Office of the United States Trustee, St. Louis, MO.

## MEMORANDUM OPINION AND ORDER

BARRY S. SCHERMER, Bankruptcy Judge.

### INTRODUCTION

In this case, the Court must decide at what point a Chapter 7 trustee "commences distribution" to creditors within the meaning of 11 U.S.C. § 726(a)(1)[1].

### JURISDICTION

This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, 1334 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" which the Court may hear and enter appropriate judgements pursuant to 28 U.S.C. § 157(b)(2)(B).

### STATEMENT OF FACTS

Carl and Sheryl Wilson (the "Debtors") filed their Chapter 7 petition in this Court on February 27, 1995. At the date of filing, there appeared to be no assets in the Debt-

---

1. The Bankruptcy Code is 11 U.S.C. §§ 101–1330. All future references are to Title 11 unless otherwise indicated.

ors' estate, but assets were subsequently discovered. The last day on which claims could be timely filed was set on August 7, 1995 [2], and notice of this deadline was mailed to all interested parties.

Charles W. Riske (the "Trustee") filed with the Court his Notice of Filing of Trustee's Final Report, Proposed Distribution and Motion for Abandonment (the "Final Report") on October 11, 1995, and a Notice of the Final Report ("Notice") was filed with the Court on October 17, 1995. All interested parties received the Notice, and it clearly stated that any objections to the Final Report must be filed in writing within twenty (20) days of the date of the notice [3].

The Missouri Department of Revenue ("MDOR") filed a $347.89 proof of claim on October 20, 1995 claiming a priority under § 507(a). The Trustee objected to this proof of claim on October 24, 1995, and MDOR filed a response to that objection on November 3, 1995. The Trustee does not dispute that MDOR's claim, if allowed, is a priority claim under § 507(a)(8) [4]. The Trustee is the only other priority [5] creditor in this case, and the Final Report proposed that general unsecured creditors receive a 5.51% dividend on their claims.

After a Chapter 7 trustee prepares a final report and proposed distribution, it is lodged with the Office of the United States Trustee ("UST") who reviews it before filing it with the Court. After filing, the trustee mails notice to all creditors and files a certification of that service with the Court. The Court sets the final report for hearing, resolves any objections and enters an order. When the Court enters an order approving the final report, the trustee prepares checks pursuant to the order and mails them to creditors.

Briefs were filed by the Trustee, MDOR and the UST.

---

2. *See* Fed.R.Bankr.P. 3002(c).

3. The Notice itemized the proposed distribution, and it was accompanied by a certificate of service affirming that service was made on all creditors on October 13, 1995.

4. Section 502(b)(9) disallows "tardily filed claims except to the extent tardily filed as permitted

## DISCUSSION

Section 726 controls the distribution of property in a Chapter 7 case. It states in relevant part:

(a) Except as otherwise provided in section 510 of this Title, property of the estate shall be distributed—(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title, proof of which is timely filed under section 501 of this title or tardily filed before the date on which the trustee *commences distribution* under this section. (emphasis added).

The Bankruptcy Reform Act of 1994 (Pub.L. No. 103–394) added the language "proof of which is timely filed under section 501 or tardily filed before the date on which the trustee commences distribution" to § 726(a)(1) to resolve a split of authority. Prior to the amendment, a majority of courts held that allowed claims under § 507(a) need not be timely filed to be allowed under § 726(a)(1). *See e.g. In re Vecchio*, 20 F.3d 555 (2d Cir.1994); *In re Pacific–Atlantic Trading Co.*, 33 F.3d 1064 (9th Cir.1994); *In re Century Boat Co.*, 986 F.2d 154 (6th Cir. 1993). A minority position held that untimely filed § 507 priority claims were allowed but distributed under § 726(a)(3). *See e.g. In re Waindel*, 65 F.3d 1307 (5th Cir.1995); *In re Sea Air Shuttle Corp.*, 168 B.R. 501 (Bankr.D.P.R.1994); *In re Brennan*, 167 B.R. 316 (Bankr.D.Mass.1993). The Bankruptcy Reform Act resolved this dispute.

Hence, § 507 priority claims are now to be paid first in the disbursement of a Chapter 7 estate only if they are timely filed *or* if they are filed before the date on which the trustee commences distribution. *See* § 726(a)(1). It is undisputed that MDOR's claim was filed out of time. Tardiness of a proof of claim in a Chapter 7 case is not grounds for disallowing that claim, and such tardily filed claim retains its § 726(a)(1) pri-

---

under paragraph (1), (2) or (3) of section 726(a) of this title ..." Thus, MDOR's claim is disallowed unless it fits within the parameters of § 726(a)(1).

5. *See* § 507(a).

ority. *In re Vancardo,* 182 B.R. 543, 544 (E.D.Mo.1995). The only issue before the Court is whether MDOR's claim was filed before the trustee commenced distribution.

■ The Trustee, citing policy reasons[6], argues that the date of distribution commencement is the date on which the UST files the approved final report and proposed distribution in the bankruptcy court. The UST also argues that the trustee had commenced distribution at the time the final report was filed with the bankruptcy court. Both argue that the claim of the MDOR should be disallowed or, alternatively, subordinated to a class below general unsecured creditors.

MDOR argues that the date of disbursement commencement did not arrive until after it filed its claim in this case. It asserts that the Trustee has made no affirmative act in the payment of creditors; that the filing of the Final Report is merely a proposal. In the conclusion to its brief, MDOR suggests that the date of disbursement commencement is the date on which the Trustee actually mails payments to the creditors.

The parties do not cite, and the Court could not find, any case law which interprets the term "commences distribution" as used in § 726(a)(1). Because of the recent addition of this phrase as discussed above, the determination of the date on which a Chapter 7 trustee "commences distribution" appears to be an issue of first impression.

For the following reasons, the Court holds that the date on which the trustee commences distribution under § 726(a)(1) is the date of Court approval of the final report and accounting.

Although the Trustee's interpretation of "commences"[7] may be correct, the language must be read in its entirety, namely *"commences distribution."* Undoubtedly, the Trustee commenced the *process* of distribution when he submitted the Final Report to the UST for its approval. But the Final Report was only a proposal when it was lodged with the UST; when the UST reviewed and audited it; and remained a proposal when the UST filed it with the Court. Indeed, a twenty (20) day objection period for creditors was provided in the Notice. It is only after the Court resolves any objections to the Trustee's Final Report and signs the order approving the report that the proposed distribution becomes the approved distribution.

To hold that distribution commences at the date of the filing of the Final Report with the bankruptcy court would render nugatory the hearing on the approval of the "proposed distribution." The Court provides an important, final opportunity to resolve any conflict with respect to the trustee's distribution. The Court's role as final arbiter with respect to the distribution process in a Chapter 7 case overrides the policy concerns raised by the Trustee.

### CONCLUSION

In accordance with the above, it is

**ORDERED** that the claim of the Missouri Department of Revenue be **ALLOWED** in the amount of $347.89.

It is further

**ORDERED** that the claim of the Missouri Department of Revenue be afforded priority status under § 507 and be distributed pursuant to § 726(a)(1).

---

6. The Trustee argues that finding that disbursement commences at a date later than the court filing of the final report "provides no motive for the [priority] creditors to file a timely proof of claim." Additionally, the Trustee points to the additional expense incurred in recalculating and preparing a second final report and proposed distribution. Finally, the Trustee notes that MDOR is free to collect the obligation from ex-

empt property of the debtors: an option not available to the general unsecured creditors.

7. The Trustee cites Blacks Law Dictionary which defines "commence" as "to perform the first act of." He argues that the filing of the final report with the Court is the first public act which creditors and parties in interest may discover that the Trustee has commenced the distribution process.