**In re M.A.P. RESTAURANT, INC., Debtor.**

**In re Richard PAGE, Debtor.**

**Bankruptcy Nos. 90–11144 (M.A.P.), 90–11515 (Page).**

United States Bankruptcy Court, D. Rhode Island.

Jan. 29, 1996.

Jason D. Monzack, Kirshenbaum & Kirshenbaum, Cranston, RI, Chapter 7 Trustee for both Debtors.

Everett C. Sammartino, Office of the U.S. Attorney, U.S. Department of Justice, Providence, RI, for Internal Revenue Service.

### *ORDER ALLOWING INTERNAL REVENUE SERVICE'S TARDILY FILED CLAIMS, AND GRANTING FIRST TIER PRIORITY STATUS*

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on December 28, 1995, on the Trustees' Objections to two Internal Revenue Service Claims in the captioned Chapter 7 cases. Because the facts and legal issues are similar, the cases were consolidated for hearing. In dispute is the status, i.e., the allowability and the priority to be accorded to the IRS's tardily filed proofs of claim in these two cases.

On October 29, 1991, in the Richard Page case, creditors were notified that assets had been recovered, and a claims bar date of

January 27, 1992 was set. On November 22, 1994, a similar notice issued in the M.A.P. Restaurant bankruptcy, requiring claims to be filed on or before February 21, 1995. On November 6, 1995, the IRS filed priority tax claims in both cases, alleging that it had not received either notice. The certificates of service in both cases indicate that notice of the claims bar date was properly served on the IRS, and although receipt of notice is a matter that is clearly rebuttable upon a proper showing, the IRS offers nothing to overcome the presumption that notice was proper. In these circumstances, we decide the issue as though the IRS received proper notice, in both cases.

The Trustees also contend that by allowing these late filed claims, creditors who filed timely will be unfairly prejudiced, in that the IRS would receive all of the unencumbered funds in both cases.

Neither Trustee had made any distribution to creditors prior to the IRS's filing its proofs of claim. Based solely on the arguments presented, we would probably have ruled against the IRS. However, our independent examination of the relevant statutes and the applicable case law (unreferenced by the IRS) requires that both claims be allowed as filed, *and* that they be given first tier priority status.

 Federal Rule of Bankruptcy Procedure 3002(c) sets the time limits for filing proofs of claim in Chapter 7. The section applicable to the issue at hand provides:

> [i]f notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

Fed.R.Bankr.P. 3002(c)(5). Bankruptcy Rule 9006(b)(3) states that "the court may enlarge the time for taking actions under Rules ... 3002(c) ... only to the extent and under the conditions stated in those rules." The "excusable neglect" standard to enlarge time found in Rule 9006(b)(1) is not available to creditors in Chapter 7 to file claims after the expiration of the claims bar date. *See Lastra v. Blood Servs. Program (In re Corporacion De Servicios Medico–Hospitalarios De Fajardo, Inc.),* 149 B.R. 746, 749 (Bankr.D.P.R. 1993). But, "to interpret Rule 3002(c) as setting an absolute deadline for the filing of claims in a Chapter 7 case in order for them to qualify otherwise as allowable, would render code § 726(a)(2)(C) meaningless." [1] *Id.* "Instead, we hold that Rule 3002(c) simply determines whether a claim is to be classified as *timely* or *tardily* filed, for priority distribution." *Id.* at 750; *In re Sea Air Shuttle Corp.,* 168 B.R. 501, 504 (Bankr.D.P.R.1994); *United States v. Vecchio (In re Vecchio),* 20 F.3d 555, 559 (2d Cir.1994). Here, notwithstanding that in both cases the IRS filed its proofs of claim after the bar dates, said claims must be ALLOWED, albeit as tardily filed claims.

 The question whether the IRS is entitled to a priority distribution of a tardily filed proof of claim in Chapter 7, was recently addressed by the District Court for the District of Rhode Island in *In re Lee Dykas, Inc.,* 189 B.R. 1 (D.R.I.1995), where Chief Judge Lagueux held that "the plain meaning and legislative history of § 726(a) require § 507 priority claims to be given first-tier distribution despite their untimely filing." *Id.* at 2. That case applies here, and the claims in question are accorded first-tier priority status, in both cases.

Finally, there is nothing in either case that requires or even suggests the need for the equitable subordination of these claims.

Enter Judgment consistent with this order.

---

1. The October 1994 amendment to Code § 726(a)(1) would also be rendered meaningless as to the provision that the estate shall be distributed "first, in payment of claims of the kind specified in, and in the order specified in section 507 ... proof of which is timely filed under section 501 ... *or tardily filed before the date on which the trustee commences distribution under this section.*" 11 U.S.C. § 726(a)(1) (emphasis added).