**In re Stanley HALL, Debtor.**

**Bankruptcy No. 95–12934.**

United States Bankruptcy Court,
D. Rhode Island.

March 12, 1998.

Gordon D. Fox, Providence, RI, for Debtor.

Mark G. Sylvia, Salter, McGowan, Swartz & Sylvia, Providence, RI, for Chapter 7 Trustee.

Adam C. Robitaille, Roberts, Carroll, Feldstein & Peirce, Inc., Providence, RI, for Rhode Island Depositors Economic Protection Corporation.

Americo Scungio, Westerly, RI, for Washington Trust Company.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on Rhode Island Depositors Economic Protection Corporation's (DEPCO) Motion for Reconsideration and Relief from an Order which authorized the Trustee to renotice creditors and extended the deadline to file proofs of claim. Two issues are presented: (1) whether there is authority to extend the claims bar date in Chapter 7 cases; and (2) whether Washington Trust's Motion for Relief from Stay constitutes an informal proof of claim which saves it from being time-barred. The Motion for Reconsideration is granted, but upon consideration of both issues, the relief sought therein by DEPCO is DENIED.

## TRAVEL

On November 20, 1995, Stanley Hall filed a voluntary Chapter 7 petition listing thirteen creditors, including DEPCO and Washington Trust Company. On June 4, 1997, Washington Trust filed a Motion for Relief from Stay, alleging a debt of $207,304 and the value of its collateral between $100,000 and $150,000. On the same day, the Court issued a notice advising creditors that this was an asset case and setting a new claims bar date of September 3, 1997. On June 19, 1997, Washington Trust's Motion for Relief from stay was granted, and one month later DEPCO filed a proof of claim in the amount of $177,359. Only DEPCO's claim was filed on time. Currently, the Trustee has approximately $160,000 on hand.

On September 29, 1997, the Chapter 7 Trustee advised the Court that although thirteen creditors were listed in the petition, only one had filed a proof of claim. The Trustee

sought instructions as to whether creditors should be given a second notice of the existence of assets, and given additional time within which to file claims. On October 29, 1997, no opposition having been filed, the Trustee was authorized to re-notice this as an asset case. On October 17, 1997, while all this was happening, Washington Trust filed a deficiency claim in the amount of $113,587, and on October 20, 1997, it filed a motion for leave to file the claim out of time, to which DEPCO objected. On November 3, 1997, we denied Washington Trust's Motion as moot because the Trustee was expected to re-notice creditors and to receive claims under our (now questioned) October 29, 1997 Order. DEPCO seeks reconsideration of that Order, arguing that there is no authority for the Court to allow the Trustee to re-notice creditors or to extend claims bar dates in Chapter 7 cases. Washington Trust, acknowledging that it received "some notice of the original bar date," urges that we treat its Motion for Relief from Stay as an informal proof of claim, and to allow its October 17, 1997 filing as an amended claim.

### DISCUSSION

■ Deadlines for filing proofs of claim in Chapter 7 cases are governed by Fed. R.Bankr.P. 3002(c), and the grounds for extension are set forth within the rule. Rule 9006(b)(3), which restricts the Court's ability to enlarge Rule 3002(c) deadlines, states that: "The court may enlarge the time for taking actions under rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, *only to the extent and under the conditions stated in those rules.*" *See* Fed. R.Bankr.P. 9006(b)(3) (emphasis added); *In re M.A.P. Restaurant, Inc.,* 191 B.R. 519, 520 (Bankr.D.R.I.1996); *Silver City, Inc. v. Forte (In re Forte),* 146 B.R. 592 (Bankr.D.R.I. 1992) (holding that under Rule 9006(b)(3) the court lacks discretion to extend the time to file complaints to determine dischargeability of debt under Rule 4007(c) after the expiration of the deadline) In this case Washington Trust received proper notice of the claims

bar date, and we agree with DEPCO's argument that there is no provision for extending the deadline under Rule 3002(c).[1] Therefore, our October 29, 1997 Order extending the deadline to file claims was unauthorized, and it is VACATED. R.I. LBR 9013–2(a).

■ Having said that, the remaining question is whether Washington Trust's Motion for Relief from Stay may be treated as an informal proof of claim that was timely filed. In 1984 we stated that: "The single exception to what most courts, including this one, view as an absolute statute of limitations, is where some informal proof of claim manifests on the 'judicial record' the existence, nature, and amount of the claim, which may thereafter be 'amended' by a formal proof of claim." *In re Thornlimb,* 37 B.R. 874, 875 (Bankr. D.R.I.1984). On this subject, the First Circuit has held that:

> [I]n order to "fairly alert" the debtor estate, a POC [proof of claim] need only "provide[ ] adequate notice of the existence, nature, and amount of the claim as well as the creditor's intent to hold the estate liable." *Unioil, Inc. v. H.E. Elledge (In re Unioil, Inc.),* 962 F.2d 988, 992 (10th Cir.1992).

*Gens v. Resolution Trust Corp.,* 112 F.3d 569, 575 (1st Cir.1997), *cert. denied* — U.S. ——, 118 S.Ct. 335, 139 L.Ed.2d 260 (1997). The Court also stated that the amendment must not result in unfair prejudice to unsecured creditors, and that "something more than mere creditor disappointment is required to preclude amendment." *Id.*

■ It has also been held that motions seeking relief from stay constitute informal proofs of claim if the document alerts the court to the existence, nature and amount of the claim, and makes clear the claimant's intent to hold the debtor liable. *See In re Charter Co.,* 876 F.2d 861, 863–64 (11th Cir. 1989); *In re Veilleux,* 140 B.R. 28 (Bankr. D.Conn.1992). Washington Trust's Motion for Relief from Stay meets these requirements and does not cause unfair prejudice to

---

1. We are not unmindful of the excusable neglect exception for late filed claims as enunciated in *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). However, that ruling was limited to claims filed in Chapter 11 cases and does not apply in Chapter 7. *See id.* at 389, 113 S.Ct. at 1495.

278

unsecured creditors. The Motion states that the Debtor is in default under two promissory notes and owes Washington Trust $191,-985 under one note and $15,319 under the second note. The pleading also alleges that the value of the collateral is between $100,-000 and $150,000, and requests leave to foreclose on the collateral securing the debt. By any reasonable deduction, it must be concluded that Washington Trust, which is owed in excess of $207,000, would end up after foreclosure with a deficiency of anywhere from $57,000 to $107,000.

Accordingly, we conclude that Washington Trust's Motion for Relief from Stay easily constitutes an informal proof of claim on the judicial record, timely filed on October 17, 1997, and that Claim number 2 is a proper amendment thereof.