**In re Joel P. LAUGHLIN and Dana R. Laughlin, Debtors.**

**No. 03–15242–SBB.**

United States Bankruptcy Court, D. Colorado.

Sept. 8, 2004.

Jeffrey L. Hill, Parker, CO, Chapter 7 Trustee.

Stephen C. Nichols, Denver, CO, Debtor's Counsel.

### MEMORANDUM OPINION AND ORDER

SIDNEY B. BROOKS, Chief Judge.

THIS MATTER came before the Court on June 22, 2004 on the Chapter 7 Trus-

tee's Final Report and Application for Compensation and Reimbursement of Expenses for Jeffrey L. Hill, Chapter 7 Trustee ("Trustee"), filed on March 29, 2004 (Docket # 33), the Objection thereto filed by the debtors, Joel P. Laughlin and Dana R. Laughlin ("Debtors"), on April 12, 2004 (Docket # 38), the Trustee's Response to Debtors' Objection filed on April 26, 2004 (Docket # 40), and the Debtors' Statement of Authorities filed on June 17, 2004 (Docket # 46). The Court, having reviewed the file and being advised in the premises, makes the following findings of fact, conclusions of law and Order.

## I. BACKGROUND

On March 29, 2004, the Trustee filed his Final Report and Application for Compensation and Reimbursement of Expenses (Docket # 33). Once the Office of the United States Trustee notified the Trustee that his Final Report had been approved, the Trustee prepared, mailed and filed his Notice of the Filing of the Final Report and Application for Compensation and Reimbursement of Expenses under L.B.R. 202 on March 31, 2004 (Docket # 35), consistent with Fed.R.Bankr.P. 3009 and 11 U.S.C. § 704(1). In addition, the Trustee included the claimants' dividend checks with the Notice, as has been his policy— and, evidently, the policy of many other Trustees—since Fed.R.Bankr.P. 3009 was amended in 1993 to delete the requirement that the Court approve the amounts and timing of distribution in Chapter 7 cases.

Debtors learned, at about this same time, that the Internal Revenue Service ("IRS") had issued a notice of proposed changes to the Debtors' 2002 federal income tax return which resulted in the Debtors owing an additional $9,375.00 tax liability. Consequently, the Debtors filed their objection to the Final Report on April 12, 2004 (Docket No. 38) and filed their Amended Schedule E to add the IRS claim. Debtors also filed a Proof of Claim on behalf of the IRS for the additional 2002 income taxes. The Debtors, by their objection, argue that the Final Report should not be approved because it does not address the priority tax claim of the IRS.

Due to the pending objection to the Trustee's Final Report, the Court has not yet approved the Trustee's Final Report. The Court concludes, for the reasons set forth herein, that the Trustee initiated disbursement of estate funds prematurely and that he must recover such funds disbursed in order to correctly distribute the estate's assets or proceeds pursuant to 11 U.S.C. § 726.

## II. ISSUE

The Trustee and the Debtor come to this Court to seek direction in this matter as to whether the Trustee has the responsibility to attempt to recover dividend checks cashed by claimants and redistribute the dividends to the IRS.

The central issue before the Court is whether the Trustee "commenced distribution" under 11 U.S.C. § 726(a).

## III. DISCUSSION

11 U.S.C. § 726(a)(1) provides that:

property of the estate shall be distributed—

> (1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title, proof of which is timely filed under section 501 of this title or tardily filed *before the date on which the trustee commences distribution under this section...*

It has been the practice of the Trustee herein to file his Final Report with the Court, pursuant to Fed.R.Bankr.P. 3009 and 11 U.S.C. § 704(1), and mail his No-

tice to all claimants, pursuant to L.B.R. 202, *and include with the Notice the claimants' dividend checks,* once the Office of the U.S. Trustee approved his final report. The Trustee argues that once the Notice goes out with the dividend checks, he has commenced distribution. Thus, since distribution has been commenced, no further distribution or alteration of distribution need—or can—be made.

■ The Tenth Circuit B.A.P. concluded that the term "commences distribution" under 11 U.S.C. § 726(a)(1) is the date the trustee's final report is approved by the Court. *In re Anderson,* 275 B.R. 922, 926–27 (10th Cir. BAP 2002).[1] In fact, it would appear that most, if not all, of the reported decisions interpreting the term "commences distribution" in the context of 11 U.S.C. § 726(a)(1) have uniformly held that the trustee first commences distribution on the date the bankruptcy court *approves* the trustee's final report and account. *See Matter of Van Gerpen,* 267 F.3d 453 (5th Cir.2001)(" 'distribution' has a special meaning in the bankruptcy context, 'to the extent that it borders on being a term of art.' "); *In re Fortier,* 299 B.R. 183, 299 B.R. 183, 190 (Bankr.W.D.Mich.2003)("Reported decisions interpreting the term 'commences distribution' in the context of § 726(a)(1) have uniformly held that the trustee first commences distribution on the day the

bankruptcy court *approves* the trustee's final report and account.")(emphasis in original); *In re Wilson,* 190 B.R. 860, 862 (Bankr.E.D.Mo.1996) (trustee only commences the process of distribution when he submits the Final Report and until the Court approves the report, such distribution is only a proposed distribution).

■ While the Trustee's practice of sending dividend checks to claimants along with the Notice of Trustee's Final Report is not prohibited by the Code or Rules, it is a risky practice—a gamble—since "[i]t is only after the Court resolves any objections to the Trustee's Final Report and signs the order approving the report that the proposed distribution becomes the *approved* distribution." *In re Wilson,* 190 B.R. 860 (Bankr.E.D.Mo.1996)(emphasis added). Moreover, the Trustee, by the language in the Notice, communicates to the debtor, creditors, parties in interest, the United States Trustee and Court that, until the Final Report is approved by the Court the distribution set forth therein is a *proposed* distribution. The Notice provides that distributions would occur only *after* hearing or, in the event there are no objections, *after* the expiration of the Notice period.[2]

The Court is cognizant that the Trustee's practice, here, is convenient, efficient and sensible, and that it is routinely used by many trustees. The Court reluctantly

---

1. In his concurring opinion entered therein, the late Honorable Donald E. Cordova, agreed with the result in the decision, but disagreed with the narrow interpretation of the phrase "commences distribution" as the date the court approves the trustee's final report. He notes that there are, potentially, other dates that could be construed to mark the commencement of distribution. *In re Anderson,* 275 B.R. 922, 927–28 (10th Cir. BAP 2002). While this Court believes that Judge Cordova's reasoning and conclusions are sound and sensible, expansion of the meaning of "commences distribution" to something other than the date the trustee's

final report is *approved* by the Court, is a recipe for uncertainty, inconsistency and problems.

2. The specific language of the Notice provides:

In the absence of a timely and substantiated objection and request for hearing by an interested party, the Court may approve the fee application and the Trustee *may* pay dividends without further Court order or notice to interested parties.

(emphasis added).

makes this decision, which, on its face, appears to complicate and/or delay trustees' case administration. But, those considerations do not outweigh the applicable legal precedent and the benefits derived from a uniform, predictable, and recognized standard for trustees' case administration and dividend distribution.

Thus, based upon the case law applicable to this subject, the specific and somewhat unique facts of this case, the language of the Trustee's Notice and the need for uniform and predictable case administration and distribution procedures, this Court concludes that the Trustee did not "commence distribution" consistent with 11 U.S.C. § 726(a)(1). Consequently, the Court will not approve the Chapter 7 Trustee's Final Report and Application for Compensation and Reimbursement of Expenses. The Court will further direct that the Trustee take steps necessary to attempt to recover dividend checks heretofore cashed by claimants so as to redistribute the dividends accordingly to the IRS and parties, or take such other steps as he deems necessary or appropriate, to rectify the problem.

## IV. CONCLUSION AND ORDER

Based upon the above and foregoing,

IT IS THEREFORE ORDERED that the Trustee's Final Report and Application for Compensation and Reimbursement of Expenses is not approved.

IT IS FURTHER ORDERED that the Trustee take steps necessary to attempt to recover dividend checks heretofore cashed by claimants so as to redistribute the dividends accordingly to the IRS and parties, or take such other steps as he deems necessary or appropriate, to rectify the problem.