In re Scott James FORTIER, Debtor.

United States of America, Internal Revenue Service, Appellant,

v.

Deborah Fortier Vickers, Appellee.

No. 1:03–CV–799.

United States District Court, W.D. Michigan, Southern Division.

Oct. 13, 2004.

Michael L. Shiparski, U.S. Attorney (Grand Rapids), Grand Rapids, MI, Peter Sklarew, U.S. Department of Justice, Tax Division, (Northern Region), Ben Franklin Station, Washington, DC, for appellant.

Steven Luton Williams, Steven L. Williams, PC, Grand Rapids, MI, for appellee.

### AMENDED OPINION

ROBERT HOLMES BELL, Chief Judge.

The Internal Revenue Service ("IRS") appeals the September 28, 2003 decision of the Bankruptcy Court ordering the IRS to disgorge a payment of $30,000 in favor of a tardily-filed claim by Deborah Fortier Vickers ("Vickers") for past due child support. The Bankruptcy Court held that although Vickers' claim was past the bar date, she was allowed to assert it in Scott James Fortier's ("Fortier") personal bankruptcy. Additionally, the Bankruptcy Court held that the IRS had to disgorge the payment in favor of Vickers' higher priority claim pursuant to 11 U.S.C. § 726(a)(1).

## I.

In 1998, Scott James Fortier filed for Chapter 11 bankruptcy protection for Wolverine Litho, Inc. ("Wolverine"). Fortier was the sole shareholder of Wolverine's stock. This bankruptcy was converted into a Chapter 7 bankruptcy in 1999. That same year, Fortier filed a personal Chapter 7 bankruptcy. In 2000, the Trustee of Fortier's personal bankruptcy filed a motion to sell a residence at 25 Carlton N.E., Grand Rapids, MI (the "Carlton Property"). According to the Trustee's motion, the residence was an asset of Wolverine which had been abandoned back to the corporation after the Wolverine bankruptcy case closed. The Trustee proposed to sell the property so that Fortier could realize his 100% stock interest in Wolverine. At the time, the property was encumbered by federal tax liens for corporate tax liabilities of Wolverine. The Trustee requested that the property be sold free and clear with the interest of any party attaching to the sale proceeds in the same order of priority that existed at the time, subject to the Trustee's tax lien subordination rights under 11 U.S.C. § 724. The motion also disclosed that the IRS had a first priority tax lien against the Carlton Property. In order to sell the property free and clear, the Trustee and the IRS entered into a settlement agreement in which the balance of the proceeds from the sale, after subtracting the Trustee's expenses, would be turned over to the IRS. In addition, the Trustee requested approval of a "carve-out" arrangement (the "Carve Out Agreement"), whereby the Trustee would hold, for the benefit of Fortier's creditors, $5,000 of the purchase price.

The Bankruptcy Court confirmed the sale of the Carlton Property, the distribution to the IRS, and the Carve Out Agreement by order dated February 29, 2000 ("Sale Order"). Thereafter, the court-approved sale took place and the Trustee issued a notice of possible dividend to creditors. Vickers' was not notified of the dividend because Fortier had not listed her on the debtor's schedules. Vickers was left off the schedule despite the fact that, pursuant to a divorce judgment, Fortier had a substantial child support arrearage owing to Vickers. On July 17, 2001, well after the bar date established by the Trustee's notice of possible dividend, Vickers' filed a proof of claim against Fortier's estate. Despite the tardiness of the claim, the Bankruptcy Court permitted Vickers' claim.

In 2003, the Trustee moved for "turnover" of the funds previously distributed to the IRS, claiming that Vickers was entitled to subordinate the tax lien because under 11 U.S.C. § 724(b) her tardily filed claim for child support had priority over the tax lien. The Bankruptcy Court granted the Trustee's motion and ordered the IRS to disgorge the $30,000 because Vickers' tardily filed claim was superior to the IRS tax lien. In granting the motion, the Bankruptcy Court held that the Carlton Property was part of Fortier's individual estate and was not part of the corporate entity's estate. Further, the court treated the Sale Order as a non-final, interlocutory order and held that Vickers' claim, although tardily filed, was allowed and was entitled to priority distribution. This appeal by the IRS followed.

## II.

■ This Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a) which permits district courts of the United States to hear appeals from the bankruptcy courts of final judgments, orders and decrees. This Court reviews the Bankruptcy Court's findings of fact for clear error and the Bankruptcy Court's conclusions of law *de novo* pursuant to Bankruptcy Rule 8013. *See In re Baker & Getty Financial Services, Inc.,* 106 F.3d 1255, 1259 (6th Cir.1997). The IRS raised numerous objections to the Bankruptcy

Court's ruling. The Court is addressing only one of the objections because resolution of the issue will dispose of the case so that it is unnecessary to address the other issues.

 The IRS asserts that the Bankruptcy Court erred in treating the Sale Order distributing $30,000 to the IRS as interlocutory. The IRS argues that they received the $30,000 pursuant to a settlement agreement that was part of the Sale Order approved by the Bankruptcy Court. As such, the order should be given *res judicata* effect, and should only be modified pursuant to Fed.R.Civ.P. 60(b) regarding relief from judgments. Rule 60(b) states in pertinent part, "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding .... The motion shall be made within a reasonable time." FED. R. CIV. P. 60(b).[1] According to the rule, in order to get relief an order must be *final*. Finality in bankruptcy is elastic and is viewed in a more pragmatic and less technical way than in other situations. *In re Dow Corning*, 86 F.3d 482, 488 (6th Cir.1996) (quoting *In re Cottrell*, 876 F.2d 540, 541–42 (6th Cir.1989)). Therefore, the test to determine if an order of the bankruptcy court is final is whether the order "finally disposes of discrete disputes within the larger case." *Dow Corning*, 86 F.3d at 488 (quoting *In re Saco Local Dev. Corp.*, 711 F.2d 441, 444 (1st Cir.1983)).

During the proceeding below, the Bankruptcy Court determined that the Sale Order was silent on the issue of whether it was interim or final. The order granted the Trustee's motion to sell the Carlton Property so that Fortier's 100% stock ownership in Wolverine could be realized. Further, the order resolved an outstanding corporate tax lien against the corporation by distributing the proceeds of the sale to the IRS in satisfaction of their lien. Through the operation of the Sale Order each of these issues was resolved. Clearly, this order finally disposed of a discrete dispute within Fortier's larger bankruptcy case. The Sale Order was a final order and must be given *res judicata* effect barring Vickers' tardy claim. The Sale Order is binding upon Vickers, despite the fact that she was left off the debtor's schedule and not given notice of the final order. The Trustee acts as a fiduciary for unsecured and secured creditors representing their interests and the interests of the bankruptcy estate. *Ford Motor Credit Co. v. Weaver*, 680 F.2d 451, 462 (6th Cir. 1982), *see also In re Indian Motorcycle Co.*, 289 B.R. 269, 281 (1st Cir. BAP 2003).

In *In re Indian Motorcycle*, the court denied a motion by the IRS under Rule 60(b) for relief from an order approving a settlement agreement entered into between the trustee and the receiver. *Indian Motorcycle*, 289 B.R. at 285. The settlement agreement between the trustee and the receiver called for a distribution of $550,000 to the receiver. *Id.* at 275. The court held that the IRS was bound by the settlement agreement despite the fact that the IRS was not a party to the settlement, nor a party in interest in the bankruptcy case because the Trustee acted as a fiduciary for the benefit of the creditors in entering into the agreement. *Id.* at 281. Similarly, in this case, Vickers is bound by the settlement agreement between the IRS and the Trustee of Fortier's estate and confirmed by the Bankruptcy Court in the Sale Order. As in *Indian Motorcycle*, Vickers is bound by the actions of the Trustee because she is a creditor of Fortier's estate and in entering into the settlement agreement with the IRS and selling

---

1. Bankruptcy Rule 9024 makes Rule 60(b) applicable in bankruptcy cases. *See* Bankruptcy R. 9024 (2004).

the Carlton Property, the Trustee acted on behalf of Vickers.

Vickers argues that the $30,000 distribution was an interim disbursement and was not final until the Bankruptcy Court's final approval of the Trustee's report. Vickers contends that there is authority for the proposition that distributions from a bankruptcy estate are not final until the Trustee has submitted a final report. *See In re Wilson,* 190 B.R. 860 (Bankr.E.D.Mo. 1996). Vickers overstates the holding of the *Wilson* case. In *Wilson,* the court determined the meaning of the term "commences distribution" in 11 U.S.C. § 726 to be when the Trustee submits a final report. The court did not go further, as Vickers would have it, to hold that *all* distributions are interlocutory until a final report is submitted. In this case, the distribution to the IRS was not an interim distribution under § 726, rather, it was part of an order by the Bankruptcy Court resolving an outstanding lien on the property and allowing Fortier to realize the value of his stock in Wolverine. Thus it was a final order that could only be reopened under Rule 60(b).

■■ The Sale Order was entered by the Bankruptcy Court on February 29, 2000. Nearly three years later on February 5, 2003, the Trustee moved for "turnover" of the $30,000 distributed to the IRS, claiming that Vickers' tardily filed claim was entitled to subordinate the IRS lien.[2] Under Rule 60(b), a request for relief from an order must be made within a reasonable time. FED. R. CIV. P. 60(b). No court, however, can consider a motion brought under Rule 60(b)(1),(2), or (3) a year after

judgment. *In re G.A.D., Inc.,* 340 F.3d 331, 334 (6th Cir.2003) (citing *McDowell v. Dynamics Corp. of America,* 931 F.2d 380, 384 (6th Cir.1991)).[3] The operation of Rule 60(b) in this case is clear, in order to get relief from the Bankruptcy Court's Sale Order, Vickers was required to take action within one year of the order. Her proof of claim was not filed until 2001 and the motion to require the IRS to turn over the $30,000 distribution was not filed until 2003. Vickers' motion was too late to get relief from the final order under Rule 60(b). The Sale Order confirming the sale of the Carlton Property, approving the Carve–Out Agreement, and disbursing $30,000 to the IRS was a final order and must be given *res judicata* effect barring Vickers' tardy claim. Thus Vickers is now barred from challenging the Sale Order.

Since this case can be disposed of based on the finality of the Sale Order it is unnecessary to consider the other issues raised on appeal. *Res judicata* and Vickers' failure to comply with Rule 60(b) bar her claim. Therefore, the issues of whether the Carlton property is part of the Debtor's estate or an asset of Wolverine and whether the Bankruptcy Court properly held that the IRS's tax lien should be subordinated to Vickers' claim do not need to be addressed in this opinion.

Accordingly, the Bankruptcy Court decision is reversed, the Sale Order was a final order that is given *res judicata* effect when it is not appealed. The Sale Order could only have been modified under Rule 60(b). For the reasons stated above, the IRS is not required to turnover or disgorge the $30,000 distribution made pursu-

---

**2.** Vickers' tardy proof of claim was filed on July 17, 2001, more than one year after the Sale Order.

**3.** In their brief the IRS raised the Rule 60(b) issue. Vickers did not address the operation of Rule 60(b) on her claim but proceeded on the theory that the distribution to the IRS was

interlocutory. The Court is assuming that the only grounds upon which Vickers could have received relief from the Sale Order under Rule 60(b) are mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or misrepresentation. *See* FED. R. CIV. P. 60(b)(1), (2), and (3).

ant to the Sale Order and Carve Out Agreement. Vickers is bound by the Sale Order, therefore, she is not entitled to funds distributed to the IRS, but she is entitled to share in the amount "carved out" of the proceeds for creditors from the sale of the Carlton property according to the Carve Out Agreement.

### AMENDED ORDER

This matter is before the Court on appeal by the Internal Revenue Service from the September 28, 2003, decision of the Bankruptcy Court. In accordance with the opinion entered this date,

**IT IS HEREBY ORDERED** that the decision of the Bankruptcy Court is **REVERSED** and **REMANDED** for further proceedings in accordance with this opinion.