In the Matter of J. GUS LALLANDE INC., Debtor.

CARIDEV, INC., Plaintiff–Appellee,

v.

Hans Lopez STUBBE, Trustee for Debtor's Estate, Defendant–Appellant.

Civil No. 94–2064 (JAF).
Bankruptcy No. 86–00030 (ESL).
Adv. No. 92–0036.

United States District Court,
D. Puerto Rico.

June 13, 1996.

Carlos J. Quilichini, Quilichini, Olíver, Medina & Gorbea, San Juan, Puerto Rico, for Caridev, Inc.

Viviana Rodriguez, Garcia & Fernandez, San Juan, Puerto Rico, for Defendant–Appellant.

## OPINION AND ORDER

FUSTE, District Judge.

### I.

### Introduction

Hans López Stubbe, as trustee for the estate of debtor, J. Gus Lallande, Inc., has appealed, under 28 U.S.C. § 158 (1988), the final order of the Bankruptcy Court to nullify and invalidate a land sale contract transferring an industrial lot in Ponce, Puerto Rico, to Caridev, Inc., in violation of the Floodable Zone Building Control Act of 1961, 23 L.P.R.A. §§ 225–225m (1987). Having reviewed the bankruptcy court decision, the arguments of both appellant and appellee, and the Act, along with its legislative history and executive interpretation, we affirm the decision of the bankruptcy court.

### II.

### Facts

In late 1987, Caridev, Inc., contacted Willie Vicéns, of Willie Vicéns Realty, to purchase a parcel of land upon which to build a warehouse. *See Docket Document No. 10*, p. 1. *See also Docket Document No. 14*, p. 9 (citing Trustee's Statement of Material Facts as proof that, at time of sale, seller knew of buyer's intended use for the land). Mr. Vicéns successfully arranged a deal between Caridev and Trustee for the sale of lot No. 2 of the Reparada Industrial Development in Ponce, Puerto Rico. The parties executed the land sale contract on March 3, 1988.

At the time of sale, neither party knew that the property lies within a flood-prone zone subject to the strictures of the Floodable Zone Building Control Act of 1961, 23 L.P.R.A. §§ 225–225m (1987) (the Act). Only when, in a letter dated October 13, 1992, the Puerto Rico Planning Board informed Caridev of its decision to deny the requested building permit, did Caridev learn that, on July 22, 1987, the Planning Board had adopted the Federal Emergency Management Agency's 1981 recommendation to classify the area in which the parcel lies as a flood zone. The letter also informed Caridev

that Section 8 of the Act prohibits construction on plots so zoned.

On March 2, 1992, Caridev filed suit against the trustee in the Superior Court of Puerto Rico; but, on March 17, 1992, the Superior Court granted Caridev's motion for voluntary dismissal. Caridev then filed the suit anew in the Bankruptcy Court for the District of Puerto Rico. The bankruptcy court granted summary judgment for Caridev, rescinding the land sale contract and holding that Section 8 of the Act renders the contract void, not merely voidable. The trustee filed timely appeal.

On appeal, the trustee claims that (1) Caridev exceeded the four-year time for annulment provided by 31 L.P.R.A. § 3512 (1990), (2) Caridev's failure to exercise due care and diligence estops its action for nullification and rescission, (3) the strictures of the Act do not properly apply to non-residential development, and (4) the limitations imposed by the Act on development of the parcel amount to a "taking" in violation of the Due Process Clause and Takings Clause of the United States Constitution.

### III.

### Analysis

In an effort to minimize the risk of personal and property damage from flooding, Puerto Rico adopted the Floodable Zone Building Control Act of 1961, 23 L.P.R.A. §§ 225–225m (1987). As it stood at the time of sale, Section 8 of the Act read in pertinent part:

In "Floodable Zones unfit for building" it shall hereafter be unlawful:

(a) To erect any construction or structure whatsoever.

(b) To sell, lease or otherwise convey lands in said zones for purposes of building thereon.

(c) To make enlargements to any structure located in said zones. . . .

23 L.P.R.A. § 225g (1987). Authority to designate floodable zones rests with the Puerto Rico Planning Board. *Id.*, §§ 225b & 225f. Affected parties may challenge these designations by administrative and judicial procedures specified in Section 5. *Id.*, § 225d.

As we have already noted, the Puerto Rico Planning Board exercised its statutory authority to designate the area in which lies lot No. 2 of the Reparada Industrial Development in Ponce, Puerto Rico, as a "floodable zone unfit for building." As the Act and the corresponding zoning designation stood at the time of sale, therefore, Trustee could neither build upon the land nor transfer the land for the purpose of building thereon.

On March 8, 1988, the Legislature of Puerto Rico amended the Act. Section 8 of the revised Act reads as follows:

> In Floodable Zones it shall hereafter be unlawful:
>
> (a) To erect any construction or structure whatsoever, deposit land fill, carry out substantial improvements to existing construction or structures or other developments in Floodable Zones that have not met the requirements and provisions of the Floodable Zones Regulations, counting from the effective date thereof.
>
> (b) To sell, lease or otherwise convey land in said zones without warning the potential lessee, occupant or title-holder thereof, through any lawful means, that he must meet the requirements and provisions of the Floodable Zones Regulations for any construction, use or development. Said warning shall be included on the written deed or the transaction in question.

23 L.P.R.A. § 225g (1987 & Supp.1991). These revisions did not affect the Puerto Rico Planning Board's designation, but they do permit the trustee to transfer the property with adequate warning of the building restrictions.

Of course, at the time of attempted formation, the contract violated Section 8; thus, the contract was void as contrary to law. Section 4 of the Puerto Rico Civil Code of 1930, 31 L.P.R.A. § 4 (1990). *See also Millán v. Caribe Motor Corp.*, 83 P.R.R. 474, 483–84 (1961) (a contract is void, not merely voidable, when contrary to law or public policy); *Rubio v. Roig*, 84 P.R.R. 863, 337–38 (1949).[1] Moreover, the contract remained contrary to law, even after the amendments to the Act, because the deed does not bear warning of the zoning requirements as required by the revised Section 8(b). That the trustee, the Secretary of Justice for Puerto Rico, or anyone else deems the Act to apply only to residential dwellings does nothing to change the fact that, as the Planning Board has zoned the land in which the parcel lies, the Act prohibits transfer of the parcel without the requisite warnings.[2] The trustee may challenge the zoning by the means specified in the Act, but he is not free to act in derogation or ignorance of duly enacted zoning law with the hope or expectation that a federal court will subsequently tamper with local zoning decisions or otherwise conform the law to a contract illegal since its inception.

As the Bankruptcy Court explained, illegality renders the contract void *ab initio*, not merely voidable. *See Docket Document No. 14*, pp. 4–11 (citing *Millán*, 83 P.R.R. at 483; *Zaya v. Orraca*, 80 P.R.R. 327, 339 (1958)). Thus, it matters not whether appellee shares in the negligence of having failed to examine the zoning restrictions prior to closing, for a contract contrary to law will not be enforced, regardless of whose negligence led to its attempted formation.

1. We note that our case raises none of the public policy concerns that motivated the *Millán* court to deem the sales contract voidable, rather than void. Instead, as the Bankruptcy Court correctly observes, public policy counsels that we deem the contract void, not merely voidable. *See* note 2, *infra.*

2. *See Docket Document No. 7*, Addendum, pp. 1–10, Certified Translation of the Opinion of the Secretary of Justice. The Secretary of Justice, like the trustee, argues that Section 8 read *in pari materia* with language in the Act referring to families and health risks indicates that the Act does not apply to non-residential property. Like the Bankruptcy Court, we do not read the statutory language referring to families and residential property to exclude non-residential property, so much as to address special concerns that arise when residential property lies within a floodplain. *See Docket Document 14*, p. 7 (policy analysis of Bankruptcy Court). We agree with the Bankruptcy Court that this reading comports better with the statutory objective of reducing flood loss of both property and life. *Id.* Nonetheless, we need not decide the matter when, as is in this case, the parties attempted to form a contract in derogation of existing law and the authority by which it has been implemented.

Neither does the lapse of time for an action to annul the contract somehow overcome the illegality of the contract itself. *See Guzmán v. Guzmán; Rodríguez, Int.,* 78 P.R.R. 640, 649 (1955) (void contracts not validated by lapse of time).

 The trustee may, of course, challenge either the Act or the Planning Board's exercise of zoning authority on constitutional grounds. *See, e.g., First English Evangelical Church of Glendale v. County of Los Angeles, California,* 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987). Nonetheless, we normally require that takings claims first arise before the local agency or court that authorized or exercised the zoning authority. *See Williamson County Regional Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 186–89, 105 S.Ct. 3108, 3116–17, 87 L.Ed.2d 126 (1985). This approach enables the local administering agency to determine whether to exercise its power of eminent domain, revise the law or zoning decision, grant a variance, or stand its constitutional ground. The trustee raises his takings argument for the first time before this court. Not only has the trustee, thus, fallen afoul of our rule requiring that such claims first arise before the administering authority or state court, but so has he also fallen afoul of the rule that issues not raised below will not be heard on appeal unless there was plain error. *United States v. Olano,* 507 U.S. 725, 732–33, 113 S.Ct. 1770, 1776–77, 123 L.Ed.2d 508 (1993); *United States v. Alzanki,* 54 F.3d 994, 1003 (1st Cir.1995). We find no such error in the decision of the Bankruptcy Court.

## IV.

### Conclusion

The land sale contract of lot No. 2 at the Reparada Industrial Development in Ponce, Puerto Rico, is void because it violates Section 8 of the Floodable Zone Building Control Act of 1961 as applied; accordingly, we affirm the decision of the Bankruptcy Court.

**IT IS SO ORDERED.**