**In re Charles R. HOUSER, Nancy C. Houser, Debtors.**

**Bankruptcy No. 98–50851.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Nov. 2, 1999.

Jeffrey W. Farkas, Columbus, OH, for debtor.

Frederick M. Luper, Columbus, OH, Chapter 7 Trustee.

### ORDER AUTHORIZING CREDITORS TO FILE CLAIMS AGAINST SURPLUS

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

The matter is before the Court on the Motion For An Order Authorizing Creditors Opportunity To File Claims Against Surplus Funds filed by Frederick M. Luper, the Chapter 7 Trustee of the bankruptcy estate of Charles and Nancy Houser. Debtors filed their opposition to the Trustee's Motion.

The matter came on for hearing on October 18, 1999, at which time the parties were afforded an opportunity to present argument and evidence in support of their respective positions. After the October 18,

1999 hearing, the Court took the matter under advisement. Upon a review of the applicable sections of the Bankruptcy Code, and case authorities, the Court finds that the Trustee's Motion is well taken and should be granted.

11 U.S.C. § 726(a)(6) indicates that property of the estate shall be distributed to the debtor if funds remain after payment of the claims set forth in 11 U.S.C. § 726(a)(1) through (5). 11 U.S.C. § 726(a)(3) states that after payment of priority claims, and timely filed unsecured claims, payment will be made to "any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title ..."

 Tardily filed unsecured claims are entitled to distribution from the estate, and are to be paid prior to the Trustee making any distribution to the debtor under 11 U.S.C. § 726(a)(6). *See, e.g., In re Glenwood Medical Group, Ltd.,* 211 B.R. 282, 286 (Bankr.N.D.Ill.1997). The Trustee's Motion requests that the Court set a deadline for creditors to file "tardy" claims against the surplus funds currently in this bankruptcy estate. Allowing creditors an opportunity to file tardy claims is consistent with the distribution scheme established in 11 U.S.C. § 726, and is in accordance with the statutory scheme whereby tardily filed unsecured claims are entitled to payment prior to any distributions being made to the debtor.

When the Bankruptcy Code was amended in 1996, Fed.R.Bankr.P. 3002(c)(6) was eliminated. That provision had provided that the court could grant an extension of time for creditors to file claims against a surplus remaining in a chapter 7 estate after timely filed claims had been paid in full. Similarly, former Fed.R.Bankr.P. 2002(a)(4) provided a twenty day notice period for the date fixed for filing claims against the surplus. Former Fed. R.Bankr.P. 2002(a)(4) was also deleted with the 1996 Amendments to the Bankruptcy Code.

While no reason was given for eliminating former Rules 3002(c)(6) and 2002(a)(4), the amendments to the Code had made it clear that there was no "prohibition" against filing late claims. It was therefore not necessary for the court to either authorize, or give notice of a deadline for filing tardy claims. *See,* 9 *COLLIER ON BANKRUPTCY,* ¶ 3002.RH[3], p. 3002–20 (5th ed.1999). It is therefore not necessary for the Court to specifically authorize creditors to file tardy claims, or to set a corresponding deadline. However, it is important for a Chapter 7 trustee's administration of an estate with surplus funds that a deadline exist for filing tardy claims prior to the trustee making a distribution to the debtor pursuant to 11 U.S.C. § 726(a)(6).

Accordingly, the Motion For An Order Authorizing Creditors Opportunity To File Claims Against Surplus Funds is GRANTED, and creditors will be entitled to a period of thirty (30) days from entry of this Order to file claims against the anticipated surplus in this bankruptcy estate.

IT IS SO ORDERED.