Curtis M. PERRY, Plaintiff,

v.

FIRST CITIZENS FEDERAL CREDIT UNION, Defendant.

No. CIV.A.03–10602–WGY.

United States District Court,
D. Massachusetts.

Jan. 21, 2004.

Cara Daniels, Rackemann, Sawyer & Brewster, Boston, MA, Charles R. Bennett, Jr., Hanify & King, P.C., Boston, MA, for First Citizens Federal Credit Union, Debra Casey, Appellees.

Gary W. Cruickshank, Boston, MA, for Curtis Perry, Debtor.

*MEMORANDUM AND ORDER*

YOUNG, Chief Judge.

## I. INTRODUCTION

Curtis M. Perry ("Perry"), the Debtor, filed a voluntary Chapter 11 petition which was shortly thereafter converted into a Chapter 7 case.

Deborah Casey (the "Trustee") commenced litigation against Perry and his wife, Isabel Perry ("Isabel") (collectively the "Perrys"), alleging certain fraudulent conveyances. First Citizens Credit Union ("Citizens"), a creditor of Perry, learned of the Chapter 7 case when it received a subpoena from the Trustee's counsel, as a result of the Trustee's pursuit of her fraudulent conveyance claims (the "Adversary Proceedings"). Citizens then filed a proof of claim in the Chapter 7 case, based on a mortgage foreclosure deficiency. Perry objected to the filing of this proof of claim on timeliness and statute of limitation grounds.

On January 15, 2003, the Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court") allowed Citizens' proof of claim. Perry has appealed that Order to this Court.

## A. Facts and Procedural Posture

Citizens made a mortgage loan to Perry in April, 1990. Citizens' Br. [Doc. No. 6] at 1. Perry defaulted on this loan and Citizens conducted a foreclosure sale on May 4, 1996. *Id.* at 2. This foreclosure sale resulted in a deficiency in the sum of $62,393.05. *Id.* On October 1, 1997, Citizens obtained judgment and execution against Perry in the New Bedford District Court for that amount. *Id.* The judgment remains unsatisfied. *Id.*

In an effort to collect on the judgment, Citizens hired attorney Thomas Williams ("Williams"). *Id.* Williams informed Citizens that Perry had filed a Chapter 11 petition. *Id.* Neither Williams nor Citizens took further action to recover the judgment. *Id.* Williams's representation ended prior to the February 18, 1999 conversion of Perry's case to Chapter 7. *Id.* Upon conversion, Deborah Casey was appointed Chapter 7 Trustee. *Id.* Citizens was never informed that Perry's case was converted to Chapter 7 because Perry did not list Citizens as a creditor. Perry listed an unaffiliated bank, First Federal Savings Bank, located at 278 Union Street, New Bedford, Massachusetts as the creditor. Citizens was located at 271 Union Street, New Bedford, Massachusetts. Memorandum, *In re Curtis Perry*, No. 98–21708–JNF, at 2 (Bankr.D.Mass. Jan. 15, 2003) ("Bankr.Dec.").

On April 19, 1999, the Bankruptcy Court issued a Notice of Assets and established a July 19, 1999 deadline for creditors to file proofs of claim. *Id.* The Bankruptcy Court concluded that due to Perry's inclusion of the incorrect bank name and address on the list of creditors, Citizens did not receive notice of the proof of claim deadline. *Id.*

Citizens ultimately learned of the conversion of Perry's bankruptcy case to Chapter 7 on April 3, 2001, when it received a subpoena issued by the Trustee's counsel with respect to the Adversary Proceedings. Citizens' Br. at 3. After learning of the conversion, a Citizens employee, Michelle Duval King, prepared and submitted a proof of claim in April, 2001.[1] *Id.*

On November 7, 2002, the Trustee and the Perrys resolved the Adversary Proceeding by means of a Settlement Agreement.[2] *Id.* The Settlement Agreement represented the following:

> The Trustee has recently discovered an undocketed proof of claim in the amount of $62,393.05 filed by First Citizens Federal Credit Union (the "Late Claim"). The claim was filed on April 24, 2001, a date which was beyond the proof of claim bar date established by the Bankruptcy Court.... A review of the Schedules and the matrix list of creditors files in this case by prior counsel to [Perry] indicate that a creditor by the name of First Federal Savings Bank with an address of 278 Union Street, New Bedford, Massachusetts was listed thereon. The Late Claim indicates an address of 271 Union Street, New Bedford, Massachusetts for this claimant.

Citizens' Br., Ex. G ¶ 19. The Settlement Agreement authorized Perry to file an objection to Citizens' claim and included the following provision:

> The Trustee has authorized, for this claim ... [Perry] to file an objection to the Late Claim.... This right to object

---

1. There is some discrepancy concerning the filing date of the proof of claim. Perry's counsel asserts that it was April 24, 2001; Citizens asserts April 19, 2001. Regardless, the date was beyond the July 19, 1999 proof of claim deadline established by the Bankruptcy Court.

2. *See* Mot. of Chapter 7 Trustee for Authority to Compromise.

to the Late Claim ... extends to no other proof of claim filed in this case. If the Late Claim is allowed by this Court, Isabel agrees to pay the same within thirty (30) days of the allowance of the final Order of this Court approving the Settlement Agreement or allowing the late claim, whichever is later.

*Id.* The Trustee and Perrys agreed that upon payment of the settlement amount and the resolution of the Late Claim, the Trustee would not pursue the fraudulent conveyance claims. *Id.* ¶ 11.

On November 8, 2002, Perry filed an objection to Citizens' proof of claim (the "Objection") with the Bankruptcy Court. The Objection contended that Citizens' proof of claim should be disallowed because the claim was untimely filed and, furthermore, that the applicable state law statute of limitations had expired.[3] On December 11, 2002, Citizens filed its response to Perry's Objection. The Bankruptcy Court heard Perry's Objection on January 7, 2003. By Memorandum and Order dated January 15, 2003, the Bankruptcy Court overruled the Objection, allowing the late filing of Citizens' proof of claim. A notice of appeal of that order was filed in this Court by Perry.

### B. Standard of Review

In reviewing the Bankruptcy Court's decision, this Court applies the "clearly erroneous" standard to findings of fact and a de novo standard of review to conclusions of law. Fed. R. Bankr.P. 8013; *Jeffrey v. Desmond,* 70 F.3d 183, 185 (1st Cir.1995); *In re Winthrop Old Farm Nurseries, Inc.,* 50 F.3d 72, 73 (1st Cir. 1995). Here, the Bankruptcy Court exercised its discretion[4] to allow Citizens' late filed claim over Perry's objection. This aspect of the Bankruptcy Court's Order is reviewed simply for abuse of that discretion. *Neal Mitchell Assoc. v. Braunstein (In re Lambeth Corp.),* 227 B.R. 1, 6 (1st Cir. BAP 1998). The Bankruptcy Court's interpretations of Sections 501, 502, and 726, however, present questions of law subject to de novo review.

This Court is free to affirm the Bankruptcy Court's decision on any ground supported by the record, even if the issue was not pleaded, tried, or otherwise referred to in the proceedings below. *See In re Parque Forestal, Inc.,* 949 F.2d 504, 510–11 (1st Cir.1991) (upholding the district court's affirmation of the bankruptcy court's decision on different grounds).

---

**3.** At the time of the filing of the Objection, Perry's counsel was not aware that Citizens held an execution against Perry, which execution had issued prior to the filing of Perry's bankruptcy case. Perry's Br. at 3, n. 1.

**4.** The issue of whether a bankruptcy court has the discretion to disallow (for distribution purposes) tardily filed claims in Chapter 7 cases is unresolved. The statutory language of 11 U.S.C. §§ 502(b)(9) and 726(a) creates a strong presumption that courts do not have the discretion to disallow such claims. *See In re American Metallurgical Products Co. v. Kirkpatrick & Lockhart,* 228 B.R. 146, 156 n. 12 (Bankr.W.D.Pa.1998) ("It would appear that the only types of claims that a court can even discretionarily disallow for distribution purposes in a Chapter 7 case subsequent to

October 22, 1994 [The Bankruptcy Reform Act] are (a) administrative expense claims that are tardily filed without any cause for such tardy filing; and (b) other claims for which proofs thereof are filed subsequent to the date of the trustee's Chapter 7 distribution."). The Bankruptcy Court, however, is a court of equity, and may have the discretion to disallow tardily filed claims in Chapter 7 cases if there is evidence of bad faith or undue prejudice to other creditors. 11 U.S.C. § 105. *See In re Yoder,* No. 93–61308, 1995 WL 512211, at *4, 1995 Bankr.LEXIS 1192, at *12 (Bankr.N.D.Ohio July 26, 1995) (citing *In re Century Boat Co.,* 986 F.2d 154, 158 (6th Cir.1993)). Regardless, as it does not affect the outcome of the instant case, the Court does not attempt to resolve this issue here.

*See also In re Boston Regional Med. Ctr., Inc.,* 291 F.3d 111, 125 (1st Cir.2002).

## II. DISCUSSION

The Bankruptcy Court held that: (1) Citizens' proof of claim was allowed because Perry failed to present a valid objection thereto; and (2) Perry failed to demonstrate that the state statute of limitations had expired,[5] because he failed to submit any evidence that the execution obtained by Citizens did not pertain to the mortgage deficiency resulting from the May, 1996 foreclosure. For the reasons that follow, this Court affirms the decision of the Bankruptcy Court.

### A. The Bankruptcy Court was correct in overruling Perry's Objection to the proof of claim filed by Citizens.

The main thrust of Perry's argument is that he had a valid objection to Citizens' tardily filed claim. Before addressing the merits of this argument and the findings of the Bankruptcy Court, this Court must address the relationship between the Bankruptcy Code and the Federal Rules of Bankruptcy, which together lay the foundation for the payment of late filed claims in Chapter 7 cases.

#### 1. *The interrelationship between Sections 501, 502, and 726 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 3002(c)*

To determine whether a tardily filed claim can be allowed, the Court must address the substantive requirements of Sections 501, 502, and 726 of the Bankruptcy Code and the procedural requirements of the Federal Rules of Bankruptcy. Initially, this analysis is a two-step process. *In*

*re John R. Chavis & Betty Chavis,* 47 F.3d 818, 820 (6th Cir.1995). First, the court must determine whether the claim was properly filed under Section 501. *Id.* Section 501, "Filing of proofs of claims or interests," identifies the parties who have a substantive right to file a claim. 11 U.S.C. § 501; *In re Raymond M. Zimmerman,* 156 B.R. 192, 195 (Bankr. W.D.Mich.1993). Section 501 also discusses the timeliness of filing: "If a creditor does not *timely* file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, ... may file a proof of such claim." 11 U.S.C. § 501(b) (emphasis added). "If a creditor does not *timely* file a proof of such creditor's claim, the debtor or the trustee may file proof of such claim." 11 U.S.C. § 501(c) (emphasis added). Federal Rule of Bankruptcy Procedure 3002(c) provides the procedural framework to decide whether a claim was timely filed: "In a chapter 7 liquidation ... a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors." Fed. R. Bankr.P. 3002(c).

Once it has been determined that the claim meets the requirements of Section 501, the court must then turn to Section 502. Section 502, "Allowance of claims or interests," provides for an analysis of the merits of the claim. 11 U.S.C. § 502; *In re Tucker,* 174 B.R. 732, 739 (Bankr. N.D.Ill.1994). Section 502(a) states that "[a] claim or interest, proof of which is filed under section 501 of this title is deemed allowed unless a party in interest objects." 11 U.S.C. § 502(a). Specifically, the court must look to Section 502(b) to determine whether there are substantive grounds for disallowance. *In re Chavis,* 47 F.3d at 820. Section 502(b) enumerates

---

**5.** Under Massachusetts law, the execution obtained by Citizens is valid for a period of

twenty years from its issuance on October 1, 1997. Mass. Gen. Laws ch. 235, § 23.

a variety of grounds for disallowance, including that "proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1),(2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure." 11 U.S.C. § 502(b)(9).[6]

The Section 726(a) exception to Section 502(b)(9) only applies to Chapter 7 cases. *Lott Furniture, Inc. v. Ricks (In re Ricks),* 253 B.R. 734, 743 (Bankr.M.D.La.2000). Thus in Chapter 7 cases, unlike Chapter 11, 12, and 13 cases, some untimely proofs of claim are allowed. Section 726(a)(2)(C) permits payments to creditors who "tardily filed under section 501(a) ... if (i) the creditor that holds such a claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and (ii) proof of such claim is filed in time to permit payment of such claim." 11 U.S.C. § 726(a)(2)(C). Section 726(a)(3) allows payments for claims "tardily filed under section 501(a) of this title, other than a claim of the kind specified in paragraph (2)(C) of this subsection." 11 U.S.C. § 726(a)(3). The difference between Sections 726(a)(2)(c) and (a)(3) lies in the distinction between creditors who had notice or knowledge of the bankruptcy and creditors who did not have notice or knowledge. *In re Ricks,* 253 B.R. at 743. The late filed claims of creditors without notice or knowledge are given higher priority for payment than the late filed claims of creditors with notice or knowledge of the case. Thus, general unsecured claims filed under Section 501 are allowed by Section 726(a)

even if tardily filed after the deadline established by Rule 3002(c). *Id.*

### 2. *The Bankruptcy Court's analysis of Sections 502 and 726*

Perry asserted that Citizens' tardily filed claim did not fall under the exception to Section 502(b)(9) embodied in Section 726, because the Late Claim, if allowed, would be paid by Isabel, not by Perry's estate. The Bankruptcy Court correctly concluded that the issue of priority, addressed by Section 726, was not relevant. It concluded that no analysis of the Late Claim under Sections 502(b)(9) and 726 was required. "[T]he [Bankruptcy] Court finds that subsections (a)(2) and (3) of § 726, which pertains to the priority of distribution of property of the estate, not the allowance of claims, are not pertinent to the resolution of the issue presented in the case.... Rather, this Court need only consider § 501(a), ... [Rule] 3002(a), ... and [Rule] 3002(c)." Bankr.Dec. at 5.

This analysis ignores the significant interrelationship between Section 726 and Section 502(b)(9). While it is true that Section 726 alone does not address the allowance of claims, if a proof of claim is deemed tardy within Section 726(a)(2)(c) or (a)(3), and the claim subsequently is allowed under Section 502(b)(9), then the provisions of Section 726 are triggered. In dismissing consideration of Section 726, the Bankruptcy Court's analysis necessarily left unresolved the issue of whether the tardy proof of claim here was payable under that section. While this Court ultimately agrees with the decision of the Bankruptcy Court, it is necessary to ana-

---

6. Section 502(b)(9) was added to the Bankruptcy Code by the 1994 Bankruptcy Reform Act to "govern the effects of a tardily filed claim." Under § 502(b)(9), a tardily filed claim must be disallowed if an objection to the proof of claim is filed, except to the extent that a holder of a tardily filed claim is entitled to distribution under § 726(a)(1), (2), or (3).... [T]he effect of filing a proof of claim after the expiration of the time prescribed in Rule 3002(c) is governed by § 502(b)(9) of the Code, rather than by this rule." Fed. R. Bank. P. 3002(c) Advisory Committee's Notes.

lyze further whether the late claim was payable under the rubric of Sections 502(b)(9) and 726.

### 3. *Perry's Objection*

The Court now turns to the merits of Perry's argument. Perry claims that the Bankruptcy Court abused its discretion in allowing the Late Claim because he alleges that Citizens had actual knowledge of his Chapter 7 case. As mentioned *supra,* he also argues that Section 726 does not apply to his case because the source of funds for payment of the Late Claim, if allowed, would be Isabel, not his estate. Neither of these arguments is convincing.

■ Perry claims that Citizens had knowledge, as admitted in an affidavit, of the Chapter 11 filing and this, therefore, constituted "actual knowledge" of the bankruptcy case as a whole. Perry's Br. at 1. Knowledge of a Chapter 11 bankruptcy case does not satisfy the "notice or actual knowledge of the [Chapter 7] case" requirement of 11 U.S.C. § 726(a)(2)(c). *In re Corporacion de Servicios Medico–Hospitalarios de Fajardo, Inc.,* 149 B.R. 746, 750 (Bankr.D.P.R.1993) (stating that the word "case" in the language of 11 U.S.C. § 726(a)(2)(c) refers to the Chapter 7 bankruptcy case and not the prior Chapter 11 case). *Id.* Furthermore, *Corporacion,* "rejects the [ ] argument that once a creditor has *any* knowledge that a debtor is in bankruptcy, no matter how long, or under which chapter, that it thereupon assumes the continuing obligation to monitor the case throughout its lifetime, in the event a conversion results." *Id.* at 750–51. To accept such an argument would place an unreasonable burden on creditors, who are not receiving notices, constantly to in-

quire of the court about possible dates. *Id.* at 751.

Thus, notwithstanding Citizens' knowledge of the *Chapter 11* filing, whether it had notice of the *Chapter 7* case presents the following questions: (1) whether the official court notice was properly addressed; (2) if so, whether the creditor received it; and (3) if not, whether the creditor otherwise had sufficient notice of this case in time to file a timely claim. *In re Ray Brooks Machinery Co., Inc.,* 113 B.R. 56, 60 (Bankr.M.D.Ala.1989). The Bankruptcy Court concluded that the notice was improperly addressed, and Citizens did not otherwise have sufficient notice; therefore the notice requirement was not satisfied.

■ Even assuming, *arguendo,* that the Bankruptcy Court established that Citizens had actual knowledge or notice of the Chapter 7 case, the outcome would not have turned on that fact alone. Knowledge or notice comes into play with respect to the priority for distributing assets of the estate under Section 726(a). Here, the priority of payment is not at issue, making the issue of Citizens' actual knowledge immaterial.

■ Next, the Court must address Perry's argument that in the instant case a tardy claim should not be allowed. He opines that Section 726 is inapplicable to his case because his estate would not be the source of funds from which the Late Claim would be paid. Perry argues that because Section 726 is entitled "Distribution of property of the estate," Isabel's agreement to pay the claim prohibits the application of Section 726.[7] Taken one step further, Perry argues that because Section 726 cannot be applied, there are no

---

7. *But see Cornell v. Coyne,* 192 U.S. 418, 430, 24 S.Ct. 383, 48 L.Ed. 504 (1904), affirming the long-standing principle that titles or head-

ings of legislation cannot alter the meaning of the text.

other exceptions to Section 502(b)(9) that would allow the payment of a tardy claim. This argument also fails. Based on the fact that the claim was properly filed, the decision of the Bankruptcy Court to allow the Late Claim is affirmed, albeit based on a slightly different analysis.

■ The step by step analysis of the Late Claim is as follows: Section 501(a) gives Citizens the right to file a claim. 11 U.S.C. § 501(a). As discussed *supra*, Section 501 incorporates a procedural timeliness requirement, which in turn relates to Rule 3002(c). Rule 3002(c) defines a timely proof of claim as one that is filed within 90 days after the date set by the Bankruptcy Court. Fed. R. Bankr.P. 3002(c). Citizens filed the proof of claim in April, 2000, approximately fifteen months after the July 19, 1999 deadline set by the Bankruptcy Court. It is undisputed that Citizens' claim was tardily filed. It is well settled, however, that Rule 3002 cannot stand in conflict with the Bankruptcy Code by setting an absolute deadline for filing a claim in a Chapter 7 case. Fed. R. Bank. P. 3002(c) Advisory Committee's Notes ("[T]he effect of filing a proof of claim after the expiration of the time prescribed by Rule 3002(c) is governed by § 502(b)(9) of the Code, rather than by this rule."); *In re Vecchio*, 20 F.3d 555, 559 (2d Cir.1994); *Corporacion*, 149 B.R. at 749; *In re Boucek*, 280 B.R. 533, 537 (Bankr.D.Kan.2002).

In the second step of the analysis, the Late Claim is analyzed under Section 502. Section 502(a) states that a claim filed under Section 501 is allowable unless a party in interest objects. 11 U.S.C. 502(a). The Bankruptcy Court hinged its analysis on Section 502(a) and concluded that Perry's objection was not valid. Bankr.Dec. at 6. This conclusion, while ultimately correct, is premature. If an objection to a claim is made, Section 502(b) mandates that the court analyze and apply the grounds for disallowance enumerated in paragraphs (1) through (9). While Perry is correct that a tardily filed claim is grounds for disallowance under Section 502(b)(9), he ignores the specific exception stated therein. Thus, a claim is disallowed if "proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1),(2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure." 11 U.S.C. 502(b)(9). Section 726(a) expressly authorizes the court to allow payment to unsecured creditors who submit tardily filed proofs of claim. 11 U.S.C. 726(a)(2)(C), (a)(3).

Perry's argument that the Late Claim should be disallowed is based solely on the title of Section 726, "Distribution of the property of the estate." 11 U.S.C. § 726. This Court is not persuaded. Section 726(a) expressly authorizes the court to allow payment to unsecured creditors who submit tardily filed proofs of claim. Creditors without notice or actual knowledge of the claim are given the same priority as timely filed claims. 11 U.S.C. 726(a)(2)(C). The only requirement specified is that the tardy claim must be filed in time to permit payment—that is, before distribution of the bankruptcy estate. 11 U.S.C. 726(a)(2)(C)(ii). The Bankruptcy Court concluded that Citizens did not have notice or actual knowledge of the claim. Thus, the Late Claim was allowable under Section 726(a)(2)(C). Even if Citizens did have notice or actual knowledge, the claim, while given a lower priority for payment, would nonetheless still be allowable under Section 726(a)(3). Isabel's agreement to pay the claim, notwithstanding the manner of settlement of the bankruptcy estate, dispels the need for a discussion of priority. Therefore, Citizens' claim was properly allowed pursuant to Section 726(a), notwithstanding the fact that the Bankruptcy

Court did not rest its decision on this ground.

This Court also considers the policy reasons supporting the applicability of Section 726 to Perry's case. As a means of settling further dispute, Perry and Isabel signed the Settlement Agreement. Had this not been the avenue of settlement the Perrys pursued, the claim would have been allowed because the payment would have come from Perry's estate. Simply switching the means of payment from Perry's estate to Isabel, individually, should not result in the disallowance of a valid claim. Nothing in the language of Section 502 suggests otherwise. Furthermore, the Settlement Agreement, which funds the payment of the late claim, bestows a benefit upon both Perrys because the Trustee agreed no longer to pursue the Adversary Proceedings. It would be inequitable to further benefit the Perrys by excusing their payment of a valid claim, especially when it has been acknowledged that the tardiness of the claim was a direct result of Perry's incorrectly addressing the notice of conversion.

Perry asserts that Citizens' reliance on *In re Brennan,* 167 B.R. 316, 317 (Bankr. D.Mass.1993), for the proposition that "late filing of a proof of claim is not a basis for disallowance of the claim but rather will result in the implementation of the distribution scheme set forth in 11 U.S.C § 726(a)(3)," is misplaced due to the 1994 Bankruptcy Reform Act. Perry's Br. at 8. Perry asserts that the addition of paragraph nine to Section 502(b) empowers the court to disallow a claim as late when an objection has been filed and that "this provision was designed to overrule case law holding that tardily filed claims were allowable." *Id.* In fact, it is Perry's reliance on the amendment that is misplaced. The amendments to the Code (including the 1994 amendments) "made it clear there

are no prohibitions against filing late claims in Chapter 7 cases." *In re Houser,* 242 B.R. 406, 407 (Bankr.S.D.Ohio 1999).

 There are important policy reasons why tardily filed claims are allowed in Chapter 7 cases and disallowed in Chapter 11, 12 and 13 reorganizations. In a reorganization, the debtor must know, with certainty, the amount owed to creditors so as to formulate a feasible reorganization plan. Thus, a bar date for claim allowances is necessary for the administration of the reorganization. *See In re Messics,* 159 B.R. 803, 809 (Bankr.N.D.Ohio 1993); *In re Zimmerman,* 156 B.R. at 199. In a Chapter 7 liquidation case, the policy reasons to set a bar date for claims is much weaker. The allowance of a late claim is less harmful to other creditors. In a Chapter 7 case, the balance of any unclaimed funds is paid to the debtor. 11 U.S.C § 726(a)(6). While Sections 726(a)(2)(C) and (a)(3) do not guarantee payment of late claims, any late claims could be subtracted from the surplus funds that would otherwise be returned to the debtor. *See In re Bargdill,* 238 B.R. 711, 719 (Bankr.N.D.Ohio 1999).

**B. The Bankruptcy Court's inadvertent statement that the statute of limitations defense raised by Perry was a valid ground for objection does not impugn its ultimate holding.**

The language of the Bankruptcy Court's decision suggests that there was a scrivener's error. The Bankruptcy Court reasoned that Perry failed to submit any evidence that the execution obtained by Citizens was invalid. The Bankruptcy Court concluded: "[T]hus, under Massachusetts law, the execution is valid for 20 years, and the statute of limitations defense raised by [Perry] *is* a valid ground for objecting to the allowance fo [sic] the

claim." Bankr.Dec. at 6 (emphasis added). Taken in context, the reasoning more logically follows: due to the lack of evidence presented by Perry to refute Citizens' claim, the 20 year statute of limitations *is not* a valid ground for objection. Moreover, the typographical error at the end of that statement, "fo," suggests the likelihood of this more significant typographical error in the decision. In light of all the circumstances, this inadvertent error is of no moment and warrants no further discussion.

### C. The Bankruptcy Court did not err in holding that Perry did not have a "valid" objection to Citizens' claim.

This Court may not directly address the "validity" of Perry's objection as that is matter of fact. *See MacInnis v. Aetna Life & Casualty Co.*, 403 Mass. 220, 222, 526 N.E.2d 1255 (1988) (characterizing prejudice as an issue of fact). Perry did not advance before the Bankruptcy Court sufficient evidence as would warrant this Court to conclude that the Bankruptcy Court's decision as to that matter of fact was "clearly erroneous."

Perry raises new arguments in this Court as to why he will be prejudiced by the allowance of the Citizens' claim. Issues not raised below, however, will not be heard on appeal unless there was plain error. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 39, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989); *United States v. Alzanki*, 54 F.3d 994, 1003 (1st Cir.1995); *Caridev, Inc. v. Stubbe (In re J. Gus Lallande, Inc.)*, 197 B.R. 406, 409 (D.P.R. 1996). Even were this Court to consider these afterthoughts, they are of no moment. Perry's arguments hinge on his assertion that he did not know about Citizens' claim until the end of the negotia-

tions of the Settlement Agreement. Perry's Br. at 10. · He now says that had he known earlier, he would have negotiated differently. *Id.* This proposition is not consistent with the facts as presented. When Perry converted his case to Chapter 7, he was aware of Citizens' claim. Indeed, he attempted to give Citizens notification, notwithstanding his use of an incorrect address. To assert now that he was unaware of this claim until the Settlement Agreement was nearly completed is simply incredible. Using the reasoning of the Bankruptcy Court, this Court agrees that the allowance of Citizens' tardy claim does not unfairly prejudice Perry.

### D. The Bankruptcy Court did not err when it held that Perry failed to submit any evidence that the execution obtained by Citizens did not pertain to the mortgage deficiency.

Perry asserts that the Bankruptcy Court erred in its conclusion that Perry failed to present sufficient evidence regarding the relationship of the execution to the mortgage deficiency, because the burden of proof was misplaced. Perry quotes *Collier on Bankruptcy* for the proposition that: "The objecting party has the initial burden of controverting a proof of claim because the proof of claim is deemed prima facie valid. However, once this burden of going forward to overcome the presumption is met, the ultimate burden is on the claimant." 9 *Collier on Bankruptcy*, P3007.01[1] pp. 3007–2, 3007–3 (rev. 15th ed.2000). Perry contends that the conclusion by the Bankruptcy Court misplaced the burden of proof. This Court finds no error. Upon the record before this Court, Perry never successfully controverted the proof of claim.[8]

---

8. In this case, the Bankruptcy Court correctly concluded "that the Settlement Agreement

## III. CONCLUSION

Accordingly, although for somewhat different reasons, this Court AFFIRMS the Bankruptcy Court's Decision [Doc. No. 5].

SO ORDERED.

among the Chapter 7 Trustee, [Perry] and Isabel [ ] conferred standing upon the debt- or." Bankr.Dec. at 4, n. 1.