# United States Court of Appeals
## For the First Circuit

No. 04-1286

IN RE CURTIS M. PERRY

Debtor,

CURTIS M. PERRY,

Debtor, Appellant,

v.

FIRST CITIZENS FEDERAL CREDIT UNION,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Torruella, Circuit Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

Gary W. Cruickshank for appellant.
Cara J. Daniels with whom Brian M. Hurley and Rackemann,
Sawyer & Brewster were on brief for appellee.

December 1, 2004

**CAMPBELL**, **Senior Circuit Judge**.    Curtis M. Perry ("Perry") appeals from the district court's affirmance of the order of the bankruptcy court overruling his objection to the proof of claim of First Citizens Federal Credit Union ("First Citizens"). We affirm.

**I.**

The undisputed facts are set forth at length in the district court's opinion, Perry v. First Citizens Fed. Credit Union, 304 B.R. 14, 15-17 (D. Mass. 2004).    We summarize them briefly here.

In April 1990, First Citizens made a mortgage loan to Perry.    Perry defaulted on the loan, and First Citizens conducted a foreclosure sale in May 1996, which resulted in a deficiency of $62,393.05.    First Citizens obtained a judgment and an execution against Perry in state court for that amount.

During the course of its efforts to collect on the judgment, First Citizens was notified that Perry had filed a Chapter 11 petition, and thereafter desisted from its collection efforts.    Unknown to First Citizens, Perry's Chapter 11 proceeding was subsequently converted to a Chapter 7 case.    First Citizens received no notice of this conversion as Perry had listed an incorrect bank name, First Federal Savings Bank (instead of First Citizens), and an incorrect address, 278 Union Street, New Bedford, Massachusetts (instead of 271 Union Street), on his list of

creditors.  It was not until April 3, 2001 that First Citizens learned that Perry's case had been converted to Chapter 7.  On that date, First Citizens received a subpoena from the Chapter 7 Trustee's counsel in connection with an adversary proceeding the Trustee had brought against Perry and against his wife, Isabel, individually and as trustee of various realty trusts, charging them with having made certain fraudulent conveyances.  By this time, nearly two years had passed since the deadline for filing proofs of claim.  Nevertheless, later that month, First Citizens filed a proof of claim relative to its judgment against Perry.

On November 7, 2002, the Trustee and the Perrys entered into a settlement agreement that resolved the Trustee's adversary proceeding against Perry and his wife.  The settlement agreement authorized Perry to file an objection to First Citizens' tardily filed claim:

> The Trustee has authorized [Perry], for this claim only
> . . . , to file an objection to the Late Claim. . . .  If
> the Late Claim is allowed by this Court, Isabel agrees to
> pay same within thirty (30) days of the allowance of the
> final Order of this Court approving the Settlement
> Agreement or allowing the Late Claim, which [sic] is
> later.

On November 8, 2002, Perry filed an objection to First Citizens' proof of claim on the grounds that it was tardily filed and the applicable state statute of limitations had expired.  On January 15, 2003, the bankruptcy court issued an order overruling Perry's objection.  Perry appealed to the United States District Court of

Massachusetts, which affirmed in a thorough and well-considered opinion following a rationale slightly different, in one respect at least, from that of the bankruptcy court.  See Perry, 304 B.R. at 18-24.

## II.

We review for abuse of discretion the bankruptcy court's decision to allow First Citizens' claim over Perry's objection. Neal Mitchell Assocs. v. Braunstein (In re Lambeth Corp.), 227 B.R. 1, 6 (B.A.P. 1st Cir. 1998).

Perry makes two major arguments:  (1) the bankruptcy court abused its discretion in allowing First Citizens' claim because First Citizens should be deemed to have had actual knowledge of the Chapter 7 case as a result of its knowledge of the Chapter 11 filing; and (2) Section 726 of the Bankruptcy Code, which authorizes payment of tardily filed claims, does not apply because the source of funds for payment of First Citizens' claim against Perry, if allowed, would be Perry's wife Isabel, and not his estate.  We agree with the district court that neither argument has merit, and we affirm for essentially the same reasons set forth in the district court's decision.[1]  "We have long proclaimed that

---

[1]Besides those mentioned above, Perry makes two additional arguments.  First, he contends that he will be prejudiced by the bankruptcy court's allowance of First Citizens' claim.  For the reasons set forth in the district court's decision, we find no error.  Second, Perry asserts that the bankruptcy court erred in finding that he failed to present sufficient evidence that the execution obtained by First Citizens did not pertain to the

when a lower court produces a comprehensive, well-reasoned decision, an appellate court should refrain from writing at length to no other end than to hear its own words resonate." Velez v. Awning Windows, Inc., 375 F.3d 35, 42 (1st Cir. 2004) (quoting Lawton v. State Mut. Life Assurance Co. of Am., 101 F.3d 218, 220 (1st Cir. 1996)); see also Ayala v. Union de Tronquistas de P.R., Local 901, 74 F.3d 344, 345 (1st Cir. 1996); Holders Capital Corp. v. Cal. Union Ins. Co. (In re San Juan Dupont Plaza Hotel Fire Litig.), 989 F.2d 36, 38 (1st Cir. 1993). We add only the following additional comments.

First, we consider whether we have jurisdiction over this appeal. While neither party questioned our jurisdiction, we asked for briefing of the issue, noting a possible question as to whether the bankruptcy court's order was a final, appealable order as required by 28 U.S.C. § 158(d). See In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988) (stating, "a court has an

---

mortgage deficiency resulting from the May 1996 foreclosure sale. First Citizens presented an affidavit from one of its employees attesting that Perry defaulted on the mortgage loan and that First Citizens thereafter conducted a foreclosure sale, which resulted in a deficiency in the amount of $62,393.05. Attached to that affidavit was a copy of the execution obtained by First Citizens against Perry in that amount. Perry submitted no evidence to rebut the affidavit, but he argues that First Citizens did not establish that the affidavit was prima facie valid as the affidavit did not specifically indicate that the execution submitted in support of First Citizens' claim related to the mortgage deficiency. Perry concedes, however, that the amount on the affidavit was the same as the amount on the execution. We find the affidavit was prima facie valid and that Perry failed to rebut the proof of claim.

-5-

obligation to inquire sua sponte into its subject matter jurisdiction").  To be final, a bankruptcy order need not resolve all of the issues in the proceeding, but it must finally dispose of all the issues pertaining to a discrete dispute within the larger proceeding.  Shimer v. Fugazy (In re Fugazy Express, Inc.), 982 F.2d 769, 776 (2d Cir. 1992); see also In re Saco Local Dev. Corp., 711 F.2d 441, 445-46 (1st Cir. 1983).[2]  Courts have ruled that an order allowing the late filing of a proof of claim is not a final, appealable order in cases where the order failed to determine if the claim would be allowed or to resolve the amount that would be paid.  See, e.g., New Life Health Ctr. Co. v. IRS (In re New Life Health Ctr. Co.), 102 F.3d 428 (9th Cir. 1996); Charter Co. v. Petroleos Mexicanos (In re Charter Co.), 76 B.R. 191, 194 (M.D. Fla. 1987); X-Cel, Inc. v. Int'l Ins. Co. (In re X-Cel, Inc.), 68 B.R. 131, 133 (N.D. Ill. 1986).

The above cases are distinguishable, however, because the instant bankruptcy court order left open no unresolved dispute pertaining to First Citizens' claim.  See Prestige Ltd. P'ship-Concord v. E. Bay Car Wash Partners (In re Prestige Ltd. P'ship-Concord), 234 F.3d 1108, 1113-14 (9th Cir. 2000) (district court's order, which disposed of all issues in the bankruptcy case by

---

[2]In In re Saco Local Dev. Corp., this court was interpreting 28 U.S.C. § 1293(b), the predecessor statute to 28 U.S.C. § 158(d). However, courts have accorded the two statutes the same meaning. See Giles World Mktg., Inc. v. Boekamp Mfg., Inc., 787 F.2d 746, 748 n.2 (1st Cir. 1986).

-6-

overruling debtor's objection to lender's claim, was final and appealable, even though court declined to rule on issue of amount of lender's claim); Greyhound Lines, Inc. v. Rogers (In re Eagle Bus Mfg., Inc.), 62 F.3d 730, 734 (5th Cir. 1995) (concluding that bankruptcy court's order granting motion to file untimely proof of claim was final and appealable where debtor's reorganization plan had been confirmed and, under that plan, all proofs of claim were to go through alternative dispute resolution program); cf. In re Saco Local Dev. Corp., 711 F.2d at 445-46 (holding that a "final judgment, order, or decree" entered in a bankruptcy case "includes an order that conclusively determines a separable dispute over a creditor's claim or priority"). Here, the bankruptcy court's order allowing First Citizens' claim has resolved all of the disputed issues pertaining to First Citizens' rights relative to Perry; the amount of the claimed deficiency is not in issue; and the settlement agreement provides that the late proof of claim, if allowed, will be paid by Isabel. We are satisfied that the bankruptcy court's order finally disposes of all the material issues pertaining to this discrete dispute and is, therefore, final and appealable.

Second, we consider whether the district court properly rejected Perry's argument that Section 726 of the Bankruptcy Code is inapplicable to the timeliness issue because the source of the funds is not "property of the estate."

Perry's argument before the district court was that "because Section 726 is <u>entitled</u> 'Distribution of property of the estate,' Isabel's agreement to pay the claim prohibits the application of Section 726." <u>Perry</u>, 304 B.R. at 20 (emphasis added). On appeal, Perry notes that not only the title, but the opening text of clause (a) of Section 726 indicates that the focus of the statute is limited to distribution of property of the estate.[3] Since the actual source of funds for payment of First

---

[3]Section 726(a) of the Bankruptcy Code, in pertinent part, provides:

(a) . . . [P]roperty of the estate shall be distributed--

. . . .

    (2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is--

. . . .

        (C) tardily filed under section 501(a) of this title, if--
        (i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and
        (ii) proof of such claim is filed in time to permit payment of such claim;
    (3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title, other than a claim of the kind specified in paragraph (2)(C) of this subsection . . . .

11 U.S.C. § 726(a). Section 501(a) of the Bankruptcy Code, referenced in the above Section 726(a), provides pertinently, "[a] creditor . . . may file a proof of claim." 11 U.S.C. § 501(a).

-8-

Citizens' proof of claim would be Isabel, and not "property of the estate," Perry argues that the provisions in paragraphs (1), (2), and (3) of Section 726(a) relative to untimely claims are inapplicable here. Perry further argues that the district court ignored the realities of the case by saying that payment of First Citizens' late claim would, in any case, have come from the estate had there been no settlement. According to Perry, Isabel agreed to pay significant settlement funds for the estate only because the estate lacked sufficient assets to pay creditors in full.

But regardless of the estate's ability to have paid the claim from its own assets, we believe the bankruptcy court had authority to allow the claim in the present circumstances. The settlement agreement expressly permitted Perry to object to First Citizens' late claim, and then provided that Isabel, Perry's wife, would pay that claim if the court allowed it. This provision for payment would make no sense if the claim was, as a practical matter, unallowable. The bankruptcy court thereupon considered the objection, rejected it, and allowed the claim. The claim itself was, on its face, a legally proper and valid claim of the kind contemplated by Section 501(a) of the Bankruptcy Code, subject only

Section 502(b)(9) provides that the court, after notice and a hearing, shall determine the amount of an objected-to claim filed under Section 501 and shall allow such claim except to the extent that "proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) . . . ." 11 U.S.C. § 502(b)(9).

to the issue of its late filing. The district court ruled that the untimeliness issue was effectively resolved in First Citizens' favor by Sections 502(b)(9) and 726(a) of the Bankruptcy Code. See Perry, 304 B.R. at 21. By reference to paragraph (2)(C) of Section 726(a), Section 502(b)(9) authorizes a court to allow a claim in payment of any tardily filed unsecured claim if the creditor did not have notice or actual knowledge of the case in time for timely filing of a proof of claim. See 11 U.S.C. §§ 502(b)(9), 726(a)(2)(C); see also Perry, 304 B.R. at 21. At a lower level of priority, the court is also authorized to allow payment to tardy creditors with notice. See 11 U.S.C. §§ 502(b)(9), 726(a)(3). While Sections 726(a)(2)(C) and (a)(3) do not guarantee payment of tardily filed claims, courts are authorized to allow payment of such claims. See, e.g., In re Bargdill, 238 B.R. 711, 719-20 (Bankr. N.D. Ohio 1999) (late proof of claim of creditor with notice and actual knowledge of the case in time to timely file a proof of claim would be allowed but subordinated to claims of other unsecured creditors); In re Mid-Miami Diagnostics, L.L.P., 195 B.R. 20, 22-23 (Bankr. S.D.N.Y. 1996) (same).

We agree with the district court that Isabel's express agreement to pay the claim for the estate dispels any need to discuss the issue of priority. See Perry, 304 B.R. at 21. We think it also dispels any question, if such there be, of the effect of the alleged inadequacy of the estate funds to pay First

Citizens' claim.  It would make little sense to construe Section 726 as allowing payment of a late-filed claim from estate funds, but as disallowing payment of such a claim pursuant to the terms of an express settlement agreement between the debtor and his Trustee that makes alternative provision for payment of the late-filed claim against the estate.  Especially is this so where First Citizens' tardiness was caused by Perry's error in providing the wrong name and address for First Citizens on the list of creditors.[4]

There is nothing in the settlement agreement between the Trustee and the Perrys to suggest that Isabel's agreement to pay First Citizens' claim, if allowed, was conditioned on the availability of the estate assets.  The terminology of the settlement agreement indicates that Isabel anticipated that the validity of First Citizens' late claim would first be resolved by the court and that, if the claim was allowed, she would pay it.

---

[4]By way of further argument, counsel for First Citizens pointed out to us during oral argument that Section 502(b)(9) permits allowance of tardily-filed claims "as permitted under paragraph (1), (2), or (3) of section 726(a) of this title" and that paragraphs (1), (2), and (3) do not, by themselves, mention distribution of estate property, a concept spelled out only elsewhere in the statute.  This being so, First Citizens suggests that the untimeliness exception need not be limited to estate distributions.  We need not decide this argument.  Even assuming the timeliness exceptions are addressed to estate distributions, Isabel's negotiated arrangement was in lieu of payment from the estate of a valid claim against the estate.  As a matter of common sense, the same timeliness exceptions, where otherwise applicable, apply.

This is inconsistent, as the district court noted, with any notion that the fact the claim would be paid by her, and not with estate proceeds, would be used as an argument against the validity of the claim itself. As the district court noted, "[s]imply switching the means of payment from Perry's estate to Isabel, individually, should not result in the disallowance of a valid claim." Perry, 304 B.R. at 22.

For the reasons elucidated above and in the district court's opinion, we affirm.